1                    UNITED STATES DISTRICT COURT

2

3                   CENTRAL DISTRICT OF CALIFORNIA

4                         WESTERN DIVISION

5

6   SIDNEY CARTER,                    )
                                      )
7            PLAINTIFF,               )
                                      )
8            V.                       )  CV 13-2700-GHK(FFMX)
                                      )
9   ELI LILLY AND COMPANY, ET AL., )
                                      )
10           DEFENDANTS.              )
                                      )
11  ERIN HEXUM, ET AL.,              )  CV 13-2701-GHK(FFMX)
                                      )
12           PLAINTIFFS,              )
                                      )
13           V.                       )
                                      )
14  ELI LILLY AND COMPANY, ET AL., )
                                      )
15           DEFENDANTS.              )
                                      )
16  CLAUDIA HERRERA, ET AL.,         )  CV 13-2702-GHK(FFMX)
                                      )
17           PLAINTIFFS,              )
                                      )
18           V.                       )
                                      )
19  ELI LILLY AND COMPANY, ET AL., )  LOS ANGELES, CALIFORNIA
                                      )  SEPTEMBER 9, 2014
20           DEFENDANTS.              )  (10:04 A.M. TO 10:15 A.M.)
                                      )  (10:57 A.M. TO 11:05 A.M.)
21
                                 HEARING
22
                    BEFORE THE HONORABLE FREDERICK F. MUMM
23                     UNITED STATES MAGISTRATE JUDGE

24
    PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25  TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

2

1    APPEARANCES:              SEE NEXT PAGE

2    COURT REPORTER:           RECORDED; COURT SMART

3    COURTROOM DEPUTY:         JAMES MUNOZ

4    TRANSCRIBER:              DOROTHY BABYKIN
                               COURTHOUSE SERVICES
5                              1218 VALEBROOK PLACE
                               GLENDORA, CALIFORNIA  91740
6                              (626) 963-0566

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

```
 1   APPEARANCES:
     FOR THE PLAINTIFFS:          POGUST BRASLOW & MILLROOD LLC
 2                                BY:  TERENCE MATTHEW LECKMAN
                                       ATTORNEY AT LAW
 3                                161 WASHINGTON STREET
                                  SUITE 1520
 4                                CONSHOHOCKEN, PA  19428

 5
     FOR THE DEFENDANT:           COVINGTON & BURLING LLP
 6                                BY:  PHYLLIS A. JONES
                                       ATTORNEY AT LAW
 7                                1201 PENNSYLVANIA AVENUE NW
                                  WASHINGTON, DC  20004
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

4

1                              I N D E X
    CV 13-2700-GHK(FFMX)                    SEPTEMBER 9, 2014
2   CV 13-2701-GHK(FFMX)
    CV 13-2702-GHK(FFMX)
3
    PROCEEDINGS:   DEFENDANT'S MOTION FOR PROTECTIVE ORDER
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   LOS ANGELES, CALIFORNIA; TUESDAY, SEPTEMBER 9, 2014; 10:04 A.M.

2           THE CLERK:  ALL RISE AND COME TO ORDER.

3           THE HONORABLE FREDERICK F. MUMM, UNITED STATES

4   MAGISTRATE JUDGE, PRESIDING.

5           PLEASE BE SEATED.

6           CALLING ITEM NUMBER 3, CV 13-2700, SIDNEY CARTER

7   VERSUS ELI LILLY AND COMPANY; CASE NUMBER CV 13-2701, ERIN

8   HEXUM VERSUS ELI LILLY AND COMPANY; CASE CV 13-2702, CLAUDIA

9   HERRERA VERSUS ELI LILLY AND COMPANY.

10          APPEARANCES, PLEASE.

11          MR. LECKMAN:  GOOD MORNING, YOUR HONOR.

12          MATT LECKMAN HERE ON BEHALF OF THE PLAINTIFFS.

13          THE COURT:  GOOD MORNING.

14          MS. JONES:  GOOD MORNING, YOUR HONOR.

15          PHYLLIS JONES ON BEHALF OF ELI LILLY AND COMPANY.

16          THE COURT:  GOOD MORNING.

17          PLEASE BE SEATED.

18          THIS IS A MOTION FOR PROTECTIVE ORDER FILED BY ELI

19  LILLY.

20          I BELIEVE WE'VE ALREADY RESOLVED THE ISSUES RELATING

21  TO THE DEPOSITIONS; IS THAT CORRECT?

22          MS. JONES:  THAT'S CORRECT, YOUR HONOR.

23          WE APPRECIATE YOU GIVING THE PARTIES THE OPPORTUNITY

24  TO HEAR FROM YOU ON THE TELEPHONIC CONFERENCE, BUT WE HAVE

25  MOVED FORWARD WITH THE DEPOSITIONS --

1          THE COURT:  ALL RIGHT.

2          MS. JONES:  -- CONSISTENT WITH YOUR GUIDANCE.

3          THE COURT:  OKAY.

4          ALL RIGHT.  SO, THERE ARE ISSUES REGARDING REQUEST

5    FOR PRODUCTION, A 30(B)(6) DEPOSITION CATEGORIES AND A

6    THIRD-PARTY SUBPOENA.

7          ALL OF THE ISSUES RELATE TO THE DISCOVERABILITY OF

8    INFORMATION RELATED TO WITHDRAWAL SYMPTOMS OF DRUGS OTHER THAN

9    CYMBALTA, THE DRUG WHICH IS AT ISSUE IN THIS CASE.

10         LILLY CONTENDS THAT SYMPTOMS RELATED TO

11   DISCONTINUATION OF PROZAC ARE IRRELEVANT BECAUSE PLAINTIFFS DID

12   NOT TAKE PROZAC AND PROZAC IS A DIFFERENT CLASS OF DRUG FROM

13   CYMBALTA -- THAT IS, PROZAC IS AN SSRI AS OPPOSED TO AN SNRI.

14         LILLY ALSO CONTENDS THAT IT WOULD BE BURDENSOME TO

15   RESPOND TO DISCOVERY REGARDING PROZAC.

16         AS I UNDERSTAND IT, PLAINTIFFS' THEORY APPEARS TO BE

17   THAT LILLY PREVIOUSLY SPONSORED STUDIES ON SYMPTOMS ASSOCIATED

18   WITH STOPPING THE USE OF SSRI'S AND SNRI'S.  THESE STUDIES

19   COMPARED AT LEAST PROZAC, PAXIL AND ZOLOFT, WHICH ARE SSRI'S,

20   AND EFFEXOR, WHICH IS AN SNRI.

21         THESE STUDIES SHOWED A CORRELATION BETWEEN THE

22   FREQUENCY OF WITHDRAWAL SYMPTOMS AND THE HALF-LIFE OF THE DRUG.

23   MOREOVER, LILLY TOUTED ITS DRUG PROZAC AS HAVING A RELATIVELY

24   LONG HALF-LIFE AND SUGGESTED THAT THE LONG HALF-LIFE WOULD BE

25   EXPECTED TO RESULT IN LESS FREQUENT APPEARANCE OF WITHDRAWAL

1   SYMPTOMS.

2          NOW LILLY IS MARKETING CYMBALTA WHICH HAS A

3   RELATIVELY SHORT -- A RELATIVELY SHORT HALF-LIFE.  LILLY

4   SPONSORED A STUDY REGARDING WITHDRAWAL SYMPTOMS OF CYMBALTA

5   THAT USED A DIFFERENT METHOD OF OBTAINING INDICATIONS OF

6   WITHDRAWAL SYMPTOMS THAN USED IN THE EARLIER STUDIES.

7   SPECIFICALLY, RATHER THAN SYSTEMATIC MONITORING WITH A

8   CHECKLIST TO RECORD SYMPTOMS, IT RELIED ON SPONTANEOUS REPORTS

9   FROM STUDY SUBJECTS.  PLAINTIFF CONTENDS THIS METHOD RESULTED

10  IN LOWERING REPORTING OF WITHDRAWAL SYMPTOMS.

11         FROM THE FOREGOING, I FIND THAT IT IS AT LEAST

12  ARGUABLE THAT THESE CLASSES OF REUPTAKE INHIBITORS, WHETHER

13  SSRI'S OR SNRI'S, POSE SIMILAR RISKS UPON DISCONTINUATION.  THE

14  MECHANISMS OF THE SSRI'S AND SNRI'S ARGUABLY ARE SIMILAR.

15  ALTHOUGH, SNRI'S OBVIOUSLY INHIBIT THE REUPTAKE OF

16  NOREPINEPHRINE AS WELL AS SEROTONIN WHEREAS THE SSRI'S

17  PRIMARILY INHIBIT THE REUPTAKE OF SEROTONIN.

18         I ALSO FIND THAT IT IS AT LEAST ARGUABLE THAT LILLY'S

19  KNOWLEDGE OF WITHDRAWAL RISKS AS DEMONSTRATED BY THE EARLIER

20  STUDIES PLAYED A PART IN ITS EVALUATION OF CYMBALTA'S

21  WITHDRAWAL RISKS AND COULD BE RELEVANT TO THE PUNITIVE DAMAGE

22  ISSUE.

23         SO, BASED ON THOSE FINDINGS, MY TENTATIVE WOULD BE

24  THAT THE PLAINTIFF IS ENTITLED TO THE INFORMATION THEY'RE

25  SEEKING.  I DO NOTE THAT SOME OF THE REQUESTS FOR PRODUCTION

8

1   PARTICULARLY ARE -- SEEM TO BE RATHER BROAD.  AND I WOULD THINK

2   IT WOULD BE APPROPRIATE FOR THE PARTIES TO MEET AND CONFER THIS

3   MORNING TO WORK OUT WHETHER OR NOT THE DOCUMENT REQUEST COULD

4   BE NARROWED TO FOCUS ON THE INFORMATION REGARDING SYMPTOMS OR

5   FREQUENCY, INTENSITY, ET CETERA RELATED TO DISCONTINUATION OF

6   SSRI'S AND SNRI'S.

7          WITH RESPECT TO ISSUE NUMBER TWO, IT DOES NOT APPEAR

8   TO ME AT FIRST BLUSH THAT THE CATEGORIES ARE APPROPRIATE

9   CATEGORIES FOR A DEPOSITION.  IT SEEMS AS IF WHAT THE PLAINTIFF

10  IS ASKING IS FOR THE DEFENDANT TO MEMORIZE THE LIST OF NAMES.

11  I WOULD THINK THAT IT WOULD BE MORE APPROPRIATE JUST TO SEND

12  INTERROGATORIES AS TO THAT ISSUE.  AND, SO, I'D LIKE TO HEAR

13  FROM THE PARTIES ON THAT.

14         AND AS TO ISSUE NUMBER THREE, THESE WOULD BE

15  SUBPOENAS SERVED ON THIRD PARTIES.  AND THE THIRD PARTIES HAVE

16  NOT MOVED FOR A PROTECTIVE ORDER.  I DON'T SEE THAT LILLY HAS

17  CLAIMED THAT ANY OF THE REQUESTED INFORMATION IS PRIVILEGED.

18  AND, SO, I WOULD THINK IT WOULD BE APPROPRIATE TO DENY THE

19  PROTECTIVE ORDER WITH RESPECT TO ISSUE THREE.

20         SO, I WILL HEAR FROM THE PARTIES.

21         WHO WOULD LIKE TO GO FIRST?

22         (PAUSE IN PROCEEDINGS.)

23         MR. LECKMAN:  I'M HAPPY -- I'M HAPPY TO GO --

24         (LAUGHTER.)

25         MR. LECKMAN:  I HATE TO ACTUALLY SNATCH DEFEAT FROM

1    THE JAWS OF VICTORY, BUT, YOUR HONOR, I'LL SPEAK TO THE SECOND

2    ISSUE FIRST RELATING TO THE -- THE 30(B)(6) REQUEST FOR THE

3    RESEARCH SYMPOSIUM.

4            THE PLAINTIFFS ARE HAPPY TO TAKE A CLOSER LOOK AT THE

5    CATEGORIES AND EITHER REFASHION IN A MORE APPROPRIATE MANNER

6    FOR A 30(B)(6) OR MORE NARROWLY TAILORED SET OF CATEGORIES FOR

7    A 30(B)(6) IF YOUR HONOR WOULD PERMIT THAT.  ALTERNATIVELY, I

8    CAN MEET AND CONFER WITH COUNSEL TO PUT THEM IN AN

9    INTERROGATORY FORM.

10            AS TO THE REQUEST FOR PRODUCTION, I'D JUST ASK TO

11    CLARIFY THAT WE'RE TALKING ABOUT 125, 140, AND 141.

12            I NOTED THAT YOUR HONOR MENTIONED THEY APPEAR TO BE

13    BROAD.  AND I WANT TO HAVE AN UNDERSTANDING AS TO WHAT YOUR

14    HONOR WOULD DIRECT US AS TO WHAT YOU WOULD LIKE TO SEE NARROWED

15    WITH -- WITH RESPECT TO THOSE REQUESTS.

16            THE COURT:  ALL RIGHT.  LET ME SEE WHERE THEY'RE

17    LISTED HERE.

18            (PAUSE IN PROCEEDINGS.)

19            THE COURT:  ALL RIGHT.  JUST -- WELL, FOR INSTANCE,

20    THE FIRST ONE, REQUEST NUMBER 125,

21            "ALL DOCUMENTS THAT REFER TO PROZAC OR

22             FLUOXETINE AND WITHDRAWAL,

23             DISCONTINUATION, DEPENDENCE OR ADDICTION."

24            I MEAN, THE FACT THAT IT JUST REFER -- IT SEEMS TO ME

25    THERE MUST BE SOME WAY TO WORD THAT THAT IT'S REALLY GETTING

1   WHAT YOU'RE INTERESTED IN AND NOT JUST GETTING EVERYTHING THAT

2   TALKS ABOUT PROZAC.

3          MR. LECKMAN:  SO, IT'S NOT THE BEST-WORDED REQUEST

4   I'VE EVER SENT.  AND I'LL FIX THAT.

5          THE COURT:  THAT'S SORT OF THE GIST OF WHAT I -- I

6   THINK YOU CAN TELL FROM MY RULING THAT I -- I BELIEVE YOU'RE

7   ENTITLED TO THE INFORMATION THAT YOU REALLY NEED TO INDICATE,

8   YOU KNOW, WHAT -- WHAT LILLY KNEW ABOUT THESE WITHDRAWAL

9   SYMPTOMS AND HOW THEY REACT WITH THESE -- WITH THE

10  DISCONTINUATION OF REUPTAKE INHIBITORS.

11         MR. LECKMAN:  WE'LL NARROW ACCORDINGLY.  AND I'LL

12  MEET AND CONFER ON -- ON THOSE ITEMS WITH DEFENSE AS WELL.

13         THE COURT:  ALL RIGHT.

14         NOW, WITH RESPECT TO THE THIRD ISSUE, I GUESS YOU

15  DON'T HAVE ANYTHING TO SAY ON THAT.

16         SO --

17         MR. LECKMAN:  I'M GOING TO BE QUIET ON THAT ISSUE.

18         THE COURT:  -- I'LL HEAR FROM MS. JONES.

19         (LAUGHTER.)

20         MS. JONES:  THANK YOU, YOUR HONOR.

21         WE'LL OBVIOUSLY BE GUIDED BY YOUR HONOR'S DIRECTION

22  WITH RESPECT TO ALL THE ITEMS THAT YOU'VE TOUCHED ON IN YOUR

23  TENTATIVE RULING.

24         I WOULD JUST REITERATE WHAT WE'VE ARTICULATED IN OUR

25  PAPERS, WHICH IS THIS IS ACTUALLY NOT A CASE WHERE THERE'S ANY

11

1    SERIOUS DISPUTE THAT LILLY WAS NOT AWARE OF THE POTENTIAL RISK

2    OF DISCONTINUATION SYMPTOMS.  IT'S A RISK THAT'S BEEN LABELED

3    FOR THE PRODUCT SINCE ITS APPROVAL IN THE UNITED STATES FOR

4    MAJOR DEPRESSIVE DISORDER IN 2004.

5             SO, WE MAY WELL GO THROUGH A FAIRLY COMPREHENSIVE

6    ARCHEOLOGICAL DISCOVERY EXERCISE LOOKING FOR PROZAC DOCUMENTS

7    AND MAY FIND OURSELVES WHERE WE ARE TODAY, NAMELY, THAT WE KNOW

8    THAT THE COMPANY WAS AWARE OF THE RISK OF DISCONTINUATION

9    SYMPTOMS, THAT IT LABELED ON THOSE SYMPTOMS.

10            AND WHETHER OR NOT THAT WILL MEANINGFULLY ADVANCE THE

11   MERITS OF THE PLAINTIFFS' CLAIMS I THINK IS A VERY REAL

12   QUESTION.  SO, I THINK THERE IS A FAIRLY SERIOUS RELEVANCE

13   ISSUE THAT'S BEFORE THE COURT CURRENTLY.  AND, OF COURSE, THIS

14   COULD POTENTIALLY INVOLVE A FAIRLY SIGNIFICANT DEVOTION OF

15   RESOURCES AND DEVIATION OF RESOURCES BY THE PARTIES IN TERMS OF

16   IDENTIFYING THE RELEVANT MATERIALS THAT WILL LIKELY BE IN BOTH

17   HARD COPY AND ELECTRONIC FORM.  AND, THEN, THAT WILL REQUIRE

18   SOME FAIRLY DETAILED INVESTIGATION.

19            SO, WE'LL BE GUIDED BY YOUR HONOR'S -- YOUR HONOR'S

20   DIRECTION, OBVIOUSLY.  BUT I DO WANT TO JUST NOTE FOR THE

21   RECORD THAT WE'RE TALKING ABOUT A SITUATION THAT'S UNLIKE OTHER

22   PRODUCTS LIABILITY CASES WHERE THERE SOMETIMES IS A DISPUTE

23   ABOUT WHETHER THE EVENT WAS POSSIBLY CAUSED BY A MEDICINE AND

24   WHETHER, IN FACT, THE COMPANY KNEW ABOUT IT.  THIS IS NOT ONE

25   OF THOSE CASES.  THE COMPANY WAS WELL AWARE OF THE RISK OF

1   DISCONTINUATION SYMPTOMS.  AND KIND OF DOING A SIDE EXERCISE IN

2   DISCOVERY ON PROZAC IS NOT GOING TO MATERIALLY ADVANCE WHAT WE

3   CURRENTLY KNOW ABOUT THE COMPANY'S UNDERSTANDING OF THAT RISK.

4                 THE COURT:  ALL RIGHT.

5                 OKAY.  SO, WHAT I WOULD DO IS I APPRECIATE THE

6   ARGUMENT.  I UNDERSTAND WHAT YOU'RE SAYING.  BUT FOR THE

7   REASONS I HAD INDICATED EARLIER, I DO THINK THAT THE PLAINTIFF

8   SHOULD BE ENTITLED TO GET INTO THAT ISSUE.

9                 SO, I'M GOING TO ORDER THE PARTIES TO GO OUT AND MEET

10  AND CONFER RIGHT NOW.  SEE IF YOU CAN LIMIT THOSE REQUESTS FOR

11  PRODUCTION.  AND, PERHAPS, THERE'S A WAY OF DOING IT THAT WILL

12  -- CAN, YOU KNOW, HELP LILLY TO DISCOVER APPROPRIATE DOCUMENTS

13  WITHOUT PUTTING IN TOO MUCH -- TOO MUCH EFFORT.

14                AND THEN WITH RESPECT TO THE 30(B)(6), SEE WHAT YOU

15  CAN FIGURE OUT WITH RESPECT TO THAT.  IT'S JUST -- HAVING

16  SOMEBODY TESTIFY AS TO THE NAMES OF PEOPLE INVOLVED IN

17  SOMETHING THAT HAPPENED 20 YEARS AGO DOESN'T STRIKE ME AS A

18  PARTICULARLY PRODUCTIVE WAY TO SPEND -- TO SPEND TIME.

19                SO, WHAT I'LL DO IS I'LL CALL THE MATTER AGAIN AFTER

20  YOU'VE HAD AN OPPORTUNITY -- TAKE AS LONG AS YOU LIKE.

21                LET JAMES KNOW WHEN YOU'RE READY TO COME BACK.  AND

22  THEN I'LL HEAR FROM YOU AGAIN.

23                MS. JONES:  UNDERSTOOD, YOUR HONOR.  AND WE

24  APPRECIATE IT.

25                ONE -- ONE POINT I JUST WANT TO MAKE --

1              THE COURT:  YES.

2              MS. JONES:  -- IS THAT I -- IT MAY BE NECESSARY FOR

3    ME TO CONSULT WITH MY CLIENT ON SOME OF THESE MATTERS.  SO,

4    I'LL OBVIOUSLY TRY TO GIVE THE COURT AS MUCH GUIDANCE AS -- AS

5    I CAN ON WHAT WE'RE PREPARED TO AGREE TO.  BUT I JUST WANT TO

6    OFFER THAT CAVEAT.

7              THE COURT:  OKAY.

8              MR. LECKMAN:  THANK YOU, YOUR HONOR.

9              THE COURT:  ALL RIGHT.  THANK YOU.

10             (RECESS AT 10:15 A.M. TO 10:57 A.M.)

11             MR. LECKMAN:  GOOD MORNING, AGAIN, YOUR HONOR.

12             MATT LECKMAN HERE ON BEHALF OF THE PLAINTIFFS.

13             THE COURT:  GOOD MORNING AGAIN.

14             MS. JONES:  GOOD MORNING AGAIN, YOUR HONOR.

15             PHYLLIS JONES ON BEHALF OF ELI LILLY AND COMPANY.

16             THE COURT:  GOOD MORNING AGAIN.

17             ALL RIGHT.  SO, WHAT'S THE -- WHAT'S THE STORY?

18             MS. JONES:  WELL, WE'VE MADE SOME PROGRESS.  LET ME

19   -- I'LL GIVE YOU JUST A RUN-DOWN ON WHERE I THINK WE ARE.

20   AND, OBVIOUSLY, MR. LECKMAN WILL OFFER ANY THOUGHTS THAT HE

21   HAS.

22             WE DID TAKE THE TIME THAT YOU HAD REQUESTED TO TALK

23   ABOUT THE SPECIFIC REQUEST FOR PRODUCTION THAT ARE AT ISSUE

24   HERE AS WELL AS THE 30(B)(6) NOTICE.  AND I BELIEVE WE'VE

25   REACHED AGREEMENT ON -- WITH RESPECT TO RFP 125, SOME

1  ALTERNATIVE LANGUAGE THAT FOCUSES THE REQUEST A BIT -- IN A BIT

2  MORE DETAIL.  AND I'M HAPPY TO SHARE THAT WITH THE COURT IF

3  YOU'D LIKE TO, OR THE PARTIES CAN JUST PROCEED BASED ON THEIR

4  AGREEMENT.

5       THE COURT:  WELL, I THINK FOR THE RECORD IT WOULD BE

6  WORTHWHILE TO GO AHEAD AND --

7       MS. JONES:  OF COURSE.

8       AS I UNDERSTAND IT, THE REQUEST NUMBER 125 WILL BE

9  REVISED TO SEEK ALL DOCUMENTS THAT CONTAIN THE WORDS "PROZAC,

10  OPEN PAREN, FLUOXETINE, CLOSE PARENTHESIS, AND THE WORDS

11  "WITHDRAWAL, DISCONTINUATION, DEPENDENCE, OR ADDICTION."

12       THE COURT:  ALL RIGHT.

13       MS. JONES:  THE OTHER AGREEMENT THAT WE'VE MADE WITH

14  RESPECT TO RFP NUMBER 125 IS THAT I HAVE REPRESENTED TO MR.

15  LECKMAN THAT I WOULD GO BACK TO MY CLIENT AND HAVE A

16  CONVERSATION IN MORE DETAIL ABOUT KIND OF THE SOURCES OF

17  DOCUMENTS RELATED TO PROZAC.  BECAUSE THAT'S SOMETHING THAT I

18  CURRENTLY DON'T HAVE A COMPLETE UNDERSTANDING OF AND WAS NOT

19  ABLE TO REACH THE CLIENT WHEN I ATTEMPTED TO CALL A FEW MINUTES

20  AGO.

21       BUT WE WILL COME BACK TO THE PLAINTIFFS WITH THE

22  PROPOSAL ON THE SPECIFIC SOURCES OF DOCUMENTS THAT WE WOULD

23  PROPOSE TO SEARCH TO IDENTIFY THE DOCUMENTS SOUGHT UNDER THE

24  REVISED VERSION OF RFP 125.

25       THE COURT:  ALL RIGHT.

1           MS. JONES:  AS I UNDERSTAND IT, ON REQUEST NUMBER

2    140, THE LANGUAGE WILL REMAIN LARGELY AS WRITTEN.  ALTHOUGH,

3    OUR AGREEMENT AT THIS POINT IS THAT I WOULD GO BACK TO THE

4    CLIENT.  AND WE WILL EXPLORE WHETHER OR NOT THE COMPANY HAS A

5    LISTING OF ANY ARTICLES THAT WERE SPONSORED OR -- SPONSORED BY

6    LILLY OR ON WHICH LILLY CONSULTED ON ITS OWN OR THROUGH A THIRD

7    PARTY WITH RESPECT TO WITHDRAWAL, DISCONTINUATION, DEPENDENCE

8    OR ADDICTION RELATED TO PROZAC OR FLUOXETINE.

9           AS I UNDERSTAND IT, WE ALSO HAVE AN AGREEMENT THAT

10   LILLY WILL NOT BE PRODUCING THE FINAL PUBLISHED VERSIONS OF

11   DOCUMENTS THAT ARE AVAILABLE THROUGH THE PUBLIC DOMAIN.

12           THE COURT:  ALL RIGHT.

13           MS. JONES:  AS TO RFP NUMBER 141, WE'VE AGREED THAT I

14   WOULD GO BACK TO THE CLIENT AND HAVE A DISCUSSION ABOUT WHETHER

15   OR NOT THERE IS SOME CENTRAL REPOSITORY OR LISTING THAT DETAILS

16   ALL THE CME PRESENTATIONS THAT WERE SPONSORED BY THE COMPANY

17   AND EXPLORE WHETHER THERE ARE, IN FACT, ANY WRITTEN MATERIALS

18   RELATED TO CME PRESENTATIONS THAT WERE CONDUCTED ON THE SUBJECT

19   OF PROZAC, FLUOXETINE AND DISCONTINUATION, DEPENDENCE,

20   ADDICTION OR WITHDRAWAL.

21           THE COURT:  ALL RIGHT.

22           MS. JONES:  SO, I BELIEVE THAT'S OUR UNDERSTANDING

23   WITH RESPECT TO THE RFP'S.  AND THAT COVERS THAT FIRST BUCKET

24   OF PROZAC DISCOVERY THAT HAD BEEN SOUGHT.

25           WITH RESPECT TO THE RESEARCH SYMPOSIUM 30(B)(6)

1    NOTICE, AS I UNDERSTAND MR. LECKMAN'S POSITION, HE IS PREPARED

2    TO FOREGO THE SIX TOPICS THAT ARE LISTED IN THAT 30(B)(6)

3    NOTICE BUT WOULD LIKE TO MAINTAIN ONE OF THE TWO DOCUMENT

4    REQUESTS WHICH CURRENTLY SEEKS ANY AND ALL DOCUMENTS, MATERIALS

5    AND THINGS RELATING TO THE SYMPOSIUM, INCLUDING, BUT NOT

6    LIMITED TO, AUDIO OR VIDEO RECORDINGS OF ANY PART OF THE

7    SYMPOSIUM.

8              WHAT I HAVE TOLD MR. LECKMAN IS THAT I'D BE HAPPY TO

9    GO BACK AND SPEAK WITH THE CLIENT ABOUT THE EXTENT TO WHICH ANY

10   SUCH RESPONSIVE MATERIALS MIGHT EXIST SUBJECT TO THE

11   UNDERSTANDING THAT WE MAY HAVE AN OBJECTION ON THE GROUNDS THAT

12   THAT REQUEST REMAINS OVERBROAD OR UNDULY BURDENSOME.  BUT FOR

13   THE TIME BEING, WE'RE HAPPY TO GO BACK AND LOOK AND SEE WHAT

14   ACTUALLY EXISTS WITH RESPECT TO THAT DOCUMENT REQUEST.

15             THE COURT:  ALL RIGHT.

16             MS. JONES:  MR. LECKMAN WILL OBVIOUSLY CORRECT ME IF

17   I'VE GOTTEN ANY OF THAT WRONG, BUT I BELIEVE THAT FAIRLY

18   REPRESENTS OUR UNDERSTANDING AT THIS POINT.

19             THANK YOU, YOUR HONOR.

20             THE COURT:  OKAY.  THANK YOU.

21             MR. LECKMAN:  THANK YOU, YOUR HONOR.  MATT LECKMAN

22   FOR THE PLAINTIFFS.

23             JUST -- SO, COUNSEL IS CORRECT IN HER STATEMENTS TO

24   THE COURT RELATING TO OUR MEET AND CONFER ON THOSE SEVERAL

25   TOPICS.  JUST A COUPLE OF ADDITIONAL COMMENTS TO AUGMENT THE

1  DISCUSSION AND HELP THE COURT HAVE AN UNDERSTANDING OF WHERE

2  WE'D NARROW THE BREADTH.

3          WITH RESPECT TO REQUEST NUMBER 140, WHICH DEALS WITH

4  CERTAIN -- WHICH DEALS WITH THE REQUEST FOR ARTICLES AND ITEMS

5  THAT LILLY MAY HAVE PARTICIPATED IN, AS I EXPLAINED TO COUNSEL

6  -- AND I WANT THE COURT TO UNDERSTAND -- I CERTAINLY DO NOT

7  WANT LILLY TO HAND ME WHAT'S ALREADY IN THE PUBLIC DOMAIN.  I

8  UNDERSTAND THAT THAT WOULD BE A SILLY EXERCISE.

9          WHAT I AM LOOKING FOR AND WHAT I EXPLAINED TO COUNSEL

10  IS THAT IN MY EXPERIENCE PHARMACEUTICAL COMPANIES HAVE -- OFTEN

11  HAVE A PRACTICE OF RETAINING OUTSIDE VENDORS TO ASSIST IN

12  CONSULTING AND HELPING TO CREATE MEDICAL LITERATURE THAT

13  SUPPORTS THEIR PRODUCTS.  IT'S NOT AN ILLEGAL PROCESS, BUT IT

14  IS SOMETHING COMMONLY REFERRED TO AS "GHOST WRITING."  IT'S

15  WHERE THEY HAVE A THIRD-PARTY VENDOR COME IN AND ASSIST ON

16  PREPARING A PAPER THAT EVENTUALLY BECOMES PEER REVIEWED AND IS

17  USUALLY FAVORABLE TO THE PRODUCT.

18          I'M INTERESTED IN THAT REALM.  I'M INTERESTED IN

19  WHERE LILLY MIGHT HAVE DONE THAT IF THEY DID THAT WITH RESPECT

20  TO PROZAC AND WITHDRAWAL.  AND, SO, I DON'T WANT THINGS THAT

21  ARE IN THE PUBLIC DOMAIN.  I DON'T WANT FINAL PUBLISHED PAPERS,

22  BUT I WANT TO SEE THE BACK STORY TO ANY GHOST WRITING OR

23  PREPARATION OF ARTICLES THAT EVENTUALLY WERE PUBLISHED WITH

24  LILLY'S DIRECT ASSISTANCE OR THROUGH -- THROUGH A THIRD PARTY.

25          SO, I DID NOT WORD THE REQUEST VERY WELL THE FIRST

1    TIME AROUND.  AND WE HAVEN'T PENNED IT TO PUT A FINER POINT ON

2    IT, BUT THAT'S WHAT I EXPRESSED TO COUNSEL.  AND THAT'S

3    ESSENTIALLY WHAT WE'RE LOOKING FOR WITH THAT REQUEST.

4            WITH RESPECT TO 141, I CERTAINLY -- COUNSEL MADE THE

5    FAIR POINT WITH RESPECT TO, YOU KNOW, THINGS THAT MIGHT HAVE

6    BEEN UTTERED AT CONTINUING MEDICAL EDUCATION PRESENTATIONS OVER

7    THE COURSE OF THE LAST 20 YEARS.  LILLY WOULD HAVE NO WAY TO

8    KNOW WHAT ANY PRESENTER MIGHT HAVE SAID IN A CROWD OF A HUNDRED

9    PEOPLE.

10           WHAT I'M SIMPLY LOOKING FOR IS IF THERE ARE DOCUMENTS

11   AND THINGS THAT WERE MEMORIALIZED OR SAVED, WERE CREATED FOR

12   THE PURPOSE OF PRESENTING OVER THE YEARS WITH RESPECT TO PROZAC

13   AND WITHDRAWAL THAT LILLY IS IN POSSESSION OF, THEN, I'D LIKE

14   THOSE WRITTEN MATERIALS.

15           WITH RESPECT TO THE SYMPOSIUM, THE '97 SYMPOSIUM, I

16   KNOW YOUR HONOR'S SUGGESTION WAS THAT WE REDUCE THOSE REQUESTS

17   TO INTERROGATORIES.

18           I THOUGHT THE EASIER THING TO DO MIGHT JUST BE TO

19   SIMPLY GO WITH THE DOCUMENT REQUEST, THE SINGULAR ONE THAT ASKS

20   FOR MATERIALS RELATING TO THAT SYMPOSIUM AT THE END.

21           COUNSEL HAS INDICATED INITIALLY THAT THEY MAY TAKE A

22   POSITION THAT THAT'S OVERBROAD OR UNDULY BURDENSOME --

23   BURDENSOME.  OBVIOUSLY, WE DISAGREE.  I THINK IT'S A NARROW --

24   IT'S ONE EVENT IN TIME.  I'M NOT ASKING FOR SYMPOSIA OVER THE

25   YEARS, MULTIPLE SYMPOSIA.  SO, I DON'T KNOW THAT WE NEED TO

1    HASH THAT OUT TODAY, BUT THAT'S OUR POSITION.  AND I EXPECT

2    THEM TO GET BACK TO ME FROM THEIR CLIENT ON THAT.

3              SO, I THANK YOU, YOUR HONOR.  AND UNLESS YOUR HONOR

4    HAS ANY FURTHER QUESTIONS, I THINK THAT'S AN ACCURATE

5    REFLECTION OF OUR MEET AND CONFER.

6              THE COURT:  ALL RIGHT.  THANK YOU.

7              SO, IS THERE ANYTHING FURTHER?

8              MS. JONES:  NO, YOUR HONOR.

9              THANK YOU VERY MUCH.

10             THE COURT:  ALL RIGHT.  THANK YOU.

11             THE CLERK:  COURT IS NOW ADJOURNED.

12             (PROCEEDINGS ADJOURNED AT 11:05 A.M.)

13

14

15

16

17

18

19

20

21

22

23

24

25

20

1

2                        C E R T I F I C A T E

3

4              I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT

5   FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE

6   ABOVE-ENTITLED MATTER.

7

8

9

10  /S/ DOROTHY BABYKIN                    9/17/14

11  _____    _____

12  FEDERALLY CERTIFIED TRANSCRIBER        DATED

13  DOROTHY BABYKIN

14

15

16

17

18

19

20

21

22

23

24

25