| | |
|---|---|
| Harris L. Pogust (*pro hac vice*) <br> hpogust@pbmattorneys.com <br> T. Matthew Leckman (*pro hac vice*) <br> mleckman@pbmattorneys.com <br> POGUST BRASLOW MILLROOD LLC <br> 161 Washington Street, Suite 1520 <br> Conshohocken, PA 19428 <br> Tel.: (610) 941-4204 <br> Fax: (610) 941-4245 <br><br> Attorneys for Plaintiffs | David E. Stanley (SBN 144025) <br> Katherine W. Insogna (SBN 266326) <br> REED SMITH LLP <br> 355 South Grand Avenue, Suite 2900 <br> Los Angeles, CA 90071-1514 <br> Telephone: (213) 457-8000 <br> Facsimile: (213) 457-8080 <br> dstanley@reedsmith.com <br> kinsogna@reedsmith.com <br><br> Michael X. Imbroscio (*pro hac vice*) <br> mimbroscio@cov.com <br> Phyllis A. Jones (*pro hac vice*) <br> pajones@cov.com <br> **COVINGTON & BURLING LLP** <br> 1201 Pennsylvania Avenue NW <br> Washington, DC 20004 <br> Telephone: (202) 662-6000 <br> Facsimile: (202) 662-6291 <br><br> Attorneys for Defendant <br> ELI LILLY AND COMPANY |

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN HEXUM & NICK HEXUM, <br>     Plaintiff, <br><br> v. <br><br> ELI LILLY & COMPANY, an Indiana corporation, <br>     Defendant. <br><br> * * * * * <br><br> CLAUDIA HERRERA & PETER LOWRY, <br>     Plaintiff, <br><br> v. <br><br> ELI LILLY & COMPANY, an Indiana corporation, <br>     Defendant. | No.: CV 13-2701 SVW−MAN <br> No.: CV 13-2702 SVW−MAN <br><br> **JOINT STIPULATION ON PLAINTIFFS' DISCOVERY REQUESTS** <br><br> [DISCOVERY DOCUMENT: Referred to Magistrate Judge] |

# TABLE OF CONTENTS

I.   REMAINING DISPUTES FOR THE COURT'S RULING   1

Pursuant to Local Civil Rule 37-2.1, and following the Parties' appearance before the Court for a discovery hearing on November 4, 2014, Plaintiffs Erin Hexum & Nick Hexum (Case No. CV 13-2701), and Claudia Herrera & Peter Lowry (Case No. CV 13-2702) (collectively, "plaintiffs") and Defendant Eli Lilly & Company ("Lilly") hereby submit this Joint Stipulation, which attempts to articulate and memorialize a presentation of those disputes that remain, with a description of the Parties' efforts to resolve them.

I. **REMAINING DISPUTES FOR THE COURT'S RULING**

The Parties have discussed and attempted to resolve the following items without success, and thus, submit them here for the Court's ruling.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 18**
"All DOCUMENTS RELATING TO any specifications, whether design, manufacturing or performance specifications, CONCERNING the manufacture of CYMBALTA."

**LILLY'S RESPONSE TO REQUEST NO. 18**

Lilly incorporates its General Objections as if fully set forth herein. Lilly objects to this Request and its use of "All DOCUMENTS" as overly broad and unduly burdensome as to time, scope and subject matter. Lilly objects further to this Request to the extent that it seeks documents concerning Cymbalta®'s manufacture and is not limited to documents relating to Plaintiffs' treatment with Cymbalta® or any alleged discontinuation-emergent adverse events potentially arising from Cymbalta® treatment and therefore seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Lilly objects

additionally to this Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine or other immunity.

## PARTIES' POSITIONS ON REQUEST FOR PRODUCTION NO. 18
### PLAINTIFFS' POSITION

During the Parties' meet-and-confer, Lilly's counsel took the position that Plaintiffs have not pleaded any claim for products liability / design defect that would make relevant a request for design materials relating to Cymbalta. To the contrary, Plaintiffs' believe that their Complaints sufficiently pleaded a claim for design defect under California law and that Request No. 18 warrants responsive production. (*See* Declaration of T. Matthew Leckman ("Leckman Decl."), Ex. A, *Herrera* Doc. No. 1, at ¶¶ 51-62, and Ex. B, *Hexum* Doc. No. 1, at ¶¶ 51-62).

### DEFENDANT'S POSITION

Although Plaintiffs' complaints include boilerplate allegations purporting to raise claims of defective design, their core claims do not concern the actual design or manufacture of Cymbalta, only Lilly's alleged failure to provide an adequate warning about Cymbalta. *See, e.g., Herrera* Complaint ¶ 57 (explaining, under the heading of "Strict Product Liability - Design Defect" that "Lilly failed to disclose and warn of the health hazards and risks associated with Cymbalta and, in fact, acted to deceived [*sic*] the medical community and public at large, including all potential users of Cymbalta, by promoting it as safe and effective"). Similarly, Plaintiffs do not contend that Lilly should have designed or manufactured Cymbalta differently as a medication, only that Lilly's warnings should have been different. *See id.* ¶ 48 ("Had Lilly provided an adequate warning regarding the frequency and severity of the withdrawal and dependency risks, Plaintiff's injuries would have been avoided."). It is also telling that Plaintiffs have not disclosed any reports or opinions of an expert in pharmaceutical design, formulation, or

manufacturing. Plaintiffs' request here is, accordingly, overbroad and unlikely to lead to evidence bearing on their claims.

### PLAINTIFFS' REQUEST FOR PRODUCTION NO. 19

"All DOCUMENTS that RELATE TO any changes YOU considered making to the design/formula of CYMBALTA or to the manufacturing process for CYMBALTA, regardless of whether or not YOU implemented the changes."

### LILLY'S RESPONSE TO REQUEST NO. 19

Lilly incorporates its General Objections as if fully set forth herein. Lilly objects to this Request and its use of "All DOCUMENTS" as overly broad and unduly burdensome as to time, scope and subject matter. Lilly objects further to this Request to the extent that it seeks documents concerning Cymbalta®'s design and/or manufacture and is not limited to documents relating to Plaintiffs' treatment with Cymbalta® or any alleged discontinuation-emergent adverse events potentially arising from Cymbalta® treatment and therefore seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Lilly objects additionally to this Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine or other immunity.

### PARTIES' POSITIONS ON REQUEST FOR PRODUCTION NO. 19

See the Parties' Remaining Dispute as to Request No. 18, *supra*, incorporated here by reference.

### PLAINTIFFS' REQUEST FOR PRODUCTION NO. 23

"All DOCUMENTS that RELATE TO the regulation of CYMBALTA by any FOREIGN REGULATORY BODY, including but not limited to the regulation of the approval, testing, sale, marketing, safety or investigation of CYMBALTA."

## LILLY'S RESPONSE TO REQUEST NO. 23

Lilly incorporates its General Objections as if fully set forth herein. Lilly objects to this Request and its use of "All DOCUMENTS" as overly broad and unduly burdensome as to time, scope and subject matter. Lilly objects further to this Request to the extent that it is not limited to documents relating to Plaintiffs' treatment with Cymbalta® or any alleged discontinuation-emergent adverse events potentially arising from Cymbalta® treatment and therefore seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Lilly objects additionally to this Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine or other immunity.

Lilly objects to Plaintiffs' Requests, individually and generally, to the extent that such Requests seek production of documents or other information about Cymbalta® in countries other than the United States on the grounds that such requests are overly broad, unduly burdensome, not relevant to the subject matter involved in this action and not reasonably calculated to lead to the discovery of relevant and admissible evidence. Lilly is an Indiana corporation, and its corporate knowledge is, appropriately, centered at its corporate headquarters in Indianapolis. Lilly further objects to these discovery requests because they would require Lilly to perform activities, namely the inquiry and production of information and/ or documents which fall under prevailing privacy laws in these foreign countries, which it is legally prohibited from doing by the laws of the foreign countries at issue.

## PARTIES' POSITIONS ON REQUEST FOR PRODUCTION NO. 23

### PLAINTIFFS' POSITION

During the Parties' meet-and-confer, Plaintiffs' counsel proposed to amend this request to seek only final approved product labeling for foreign countries or sovereignties from 2004 to present, as well as all versions of the global safety document known as the "Core Data Sheet."

### DEFENDANT'S POSITION

Lilly maintains that Plaintiffs' request for foreign labeling materials is overbroad and irrelevant insofar as Plaintiffs are citizens of the United States who allege Cymbalta ingestion within the United States and whose claims concerning the alleged inadequacy of the Cymbalta labeling relate exclusively to the contents of the FDA-approved package insert applicable in the United States.

As a compromise, Lilly has produced to Plaintiffs copies of the Core Data Sheet for Cymbalta, and counsel for Lilly will direct Plaintiffs to the appropriate Bates numbers in the existing document production.

### PLAINTIFFS' REQUEST FOR PRODUCTION NO. 46

"DOCUMENTS sufficient to IDENTIFY each of YOUR sales representatives or the like who sold, detailed, promoted and/or delivered CYMBALTA, in sales territory encompassing California and related dates of promotion. For each PERSON IDENTIFIED, produce a copy of the following: (a) their custodial file; (b) personnel file; (c) call notes; (d) IMS and/or other sales tracking data; (e) customer notes; (f) weekly sales notes; (g) customer belief notes; and/or (h) tracking notes."

### LILLY'S RESPONSE TO REQUEST NO. 46

Lilly incorporates its General Objections as if fully set forth herein. Lilly objects to this Request as overly broad and unduly burdensome as to time and scope and vague as to its use of the phrase "sales representatives or the like."

Lilly objects further to this Request to the extent that it is not limited to documents relating to Plaintiffs' treatment with Cymbalta® or any alleged discontinuation-emergent adverse events potentially arising from Cymbalta® treatment and therefore seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Lilly objects additionally to this Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine or other immunity, as well as personnel files.

Subject to and without waiving the foregoing objections, Lilly responds that it will produce responsive, non-privileged documents that can be located through a reasonably diligent search of the documents within its possession, custody, and control sufficient to identify call records reflecting communications between Lilly sales representatives and Dr. Sean Wollaston, Dr. Satinder Bhatia, Dr. Ami Ben-Artzi, Dr. Melita Petrossian and Dr. Marc Nuwer, regarding Cymbalta®, up to and including the February 2012 to the extent such documents exist. Dr. Marc Nuwer and Dr. Melita Petrossian. Lilly further refers Plaintiffs to its response to Interrogatory 19.

### PARTIES' POSITIONS ON REQUEST FOR PRODUCTION NO. 46

### PLAINTIFFS' POSITION

During the Parties' meet-and-confer, they continued to disagree as to the relevance of materials that would be responsive to this request. Plaintiffs' position is that the items requested would be probative on the punitive damages question. Plaintiffs' agreed to limit this request to a list of all California sales representatives during the time frame of each Plaintiff's use of Cymbalta and IMS Health or other sales tracking data relating to those representatives and their Cymbalta sales during those same time frames.

**DEFENDANT'S POSITION**

Lilly maintains that given the limited discovery period remaining and the breadth of Plaintiffs' requests, it cannot practically collect, process, and produce the materials sought by this request. Nor does Lilly agree that certain of the categories of information sought — including, but not limited to, custodial files and personnel files for every sales representative in California — bear upon the question of Plaintiffs' entitlement to punitive damages.

In the interest of achieving a compromise on this request, Lilly has proposed to make information available to Plaintiffs on the number of sales representatives assigned to California, to the extent that such information can be reasonably secured.

**PLAINTIFFS' REQUEST FOR PRODUCTION NO. 124**
"All DOCUMENTS that refer to Paxil and withdrawal, discontinuation, dependence or addiction."

**LILLY'S RESPONSE TO REQUEST NO. 124**

Lilly incorporates its General Objections as if fully set forth herein. Lilly objects to this Request and its use of "All DOCUMENTS" as overly broad, unduly burdensome, and vague as to time, scope, and subject matter. Lilly objects further to this Request to the extent that Paxil is in no way related to Plaintiffs' treatment with Cymbalta® or any alleged discontinuation-emergent adverse events potentially arising from Cymbalta® treatment and therefore seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. A third party, and not Lilly, manufactures Paxil, and the Complaint makes no allegations relating to Paxil. As such, Paxil is irrelevant to this matter. Lilly objects additionally to this Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine, or other immunity, or documents within the possession, custody, or control of third parties.

## PARTIES' POSITIONS ON REQUEST FOR PRODUCTION NO. 124

**PLAINTIFFS' POSITION**

During the Parties' meet-and-confer, they continued to disagree as to the relevance of materials that would be responsive to this request. Plaintiffs' position is that any internal documents relating to Paxil withdrawal are relevant for the same reasons that documents relating to Prozac withdrawal are relevant. Indeed, the Court has already agreed with Plaintiffs' arguments on the Prozac withdrawal materials and directed production of the same. (*See* Leckman Decl., Ex. C, *Herrera* Doc. No. 85, Civil Minutes Directing Production; and Ex. D, Hearing Transcript, dated September 9, 2014). Specifically, as Plaintiffs explained to the Court in their first Rule 37 dispute in these matters, in the 1990s, Lilly engaged in a marketing and promotional campaign aimed at comparing Prozac's favorable withdrawal profile to that of Paxil, an antidepressant drug made by GlaxoSmithKline. This goes to Lilly's notice (and hence liability) – *i.e.*, that it was aware of the difference in the severity and duration of withdrawal risk among similar antidepressants and, consequently, the need to advise physicians of the nuances. Additionally, in the context of the Parties' negotiations relating to custodial file searches, discussed *supra*, Plaintiffs have taken the position that "Paxil" should properly be one of the search terms. Lilly continues to disagree and specifically opposes Request No. 124.

**DEFENDANT'S POSITION**

Lilly maintains its objection to Plaintiffs' apparent request that Lilly conduct a separate search solely for the names of non-Lilly products that are not at issue in this litigation.

Insofar as Plaintiffs wish to establish that Lilly may have evaluated the comparative discontinuation profiles of Cymbalta relative to other antidepressant

therapies, that information will be captured and produced under the search term protocol agreed upon by the parties and the protective order governing these cases.

### PLAINTIFFS' REQUEST FOR PRODUCTION NO. 155[1]

"All documents that record calls to Lilly from doctors or the public, including but not limited to call logs, inquiring about Cymbalta that mention withdrawal, dependence, habit-forming, discontinuation or addiction."

### LILLY'S RESPONSE TO REQUEST NO. 155

Lilly incorporates its General Objections as if fully set forth herein. Lilly objects further to this Request and its use of "All documents" as overly broad and unduly burdensome. Lilly objects additionally to this Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine, or other immunity.

Subject to and without waiving the foregoing objections, Lilly responds that Lilly's call center for physician inquiries has no records of calls received from Dr. Sean Wollaston, Dr. Satinder Bhatia, Dr. Ami Ben-Artzi, Dr. Melita Petrossian, and Dr. Marc Nuwer through February 2012 regarding Cymbalta® using the following terms: withdrawal, discontinuation, dependence, habit-forming, and addiction.

### PARTIES' POSITIONS ON REQUEST FOR PRODUCTION NO. 155

---

[1] The parties are in ongoing discussions concerning this request. Based upon their discussions to date, the parties believe that they will be able to resolve their dispute as to this request in advance of any further hearing before the Court. If they are able to reach agreement, they will advise the Court at any further hearing.

**PLAINTIFFS' POSITION**

During the Parties' meet-and-confer, they continued to disagree as to the relevance of materials that would be responsive to this request. Plaintiffs' explained that they believe inquiries fielded by Lilly from any outside healthcare physician or consumer relating specifically Cymbalta and withdrawal are likely to lead to the discovery of admissible evidence insofar as Lilly's responses to those inquiries will demonstrate whether, and to what extent, Lilly was providing stronger withdrawal warnings than were being provided in its Cymbalta labeling at all relevant times.

**DEFENDANT'S POSITION**

Although Lilly maintains its objections to the breadth of this request, it currently believes that the parties may be able to reach a compromise position concerning a production of documents responsive to this request.

DATED: November 14, 2014

/s/ T. Matthew Leckman
Harris L. Pogust (*pro hac vice*)
hpogust@pbmattorneys.com
T. Matthew Leckman (*pro hac vice*)
MLeckman@pbmattorneys.com
POGUST BRASLOW MILLROOD LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Tel.: (800) 897-8930
Fax: (610) 941-4245

*Attorneys for Plaintiffs*

COVINGTON & BURLING LLP

/s/ Phyllis A. Jones
David E. Stanley (SBN 144025)
Katherine W. Insogna (SBN 266326)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

dstanley@reedsmith.com
kinsogna@reedsmith.com

Michael X. Imbroscio (*pro hac vice*)
mimbroscio@cov.com
Phyllis A. Jones (*admitted pro hac vice*)
pajones@cov.com
**COVINGTON & BURLING LLP**
1201 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Attorneys for Eli Lilly & Company*

| No.: CV 13-2701 SVW (MANx) No.: CV 13-2702 SVW (MANx) | 11 | |
|---|---|---|