

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

10 CLAUDIA HERRERA , et al.

11                Plaintiff(s),

12      v.

13 ELI LILLY AND COMPANY , et al.

14

15                Defendant(s).

16

17

CASE NO:
2:13−cv−02702−SVW−MAN

**CIVIL TRIAL PREPARATION ORDER**

**Pretrial Conference:**
**April 20, 2015 at 3:00 p.m.**

**Jury Trial:**
**May 5, 2015 at 9:00 a.m.**

18      The above−mentioned cause of action is set for trial before the Honorable

19 Stephen V. Wilson.  Counsel preparing for trial before this Court <u>shall</u> comply

20 with this Order.  Non−compliance will be subject to sanctions.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### A.    **JURY CASES**

### 1.    **JURY INSTRUCTIONS**

In a jury trial, jury instructions and a verdict form are to be submitted not later than 2 court days prior to the pretrial conference or 1 week prior to trial if pretrial conference is waived.  Counsel need only submit proposed substantive jury instructions, the Court propounds its own general instructions and essentially follows the format set out in the *Ninth Circuit Model Jury Instructions*.

a)    Form of Jury Instructions and Verdict Forms:

The parties **MUST** submit **JOINT** jury instructions and a joint verdict form. In order to produce these joint instructions, the parties SHALL MEET AND CONFER sufficiently in advance of the required submission date.  The instructions should be submitted in the order in which the parties wish to have the instructions read.  This order should reflect a single organized sequence agreed to by all of the parties.  The Court INSISTS upon receiving lucid and accurate instructions setting forth the elements of each party's claim and defenses.  The instructions should be tailored to the facts of each case.

b)    Procedure for Instructions Upon Which Agreement Cannot be Reached:

Instructions shall be submitted in three (3) sets (with an extra copy for the Court's law clerks) in the following form:

1.    The agreed upon instructions.

2.    Those instructions propounded by plaintiff, opposed by defendant.

3.    Those instructions propounded by defendant, opposed by plaintiff.

Instructions upon which agreement cannot be reached should reflect the basic disagreements among the parties as to the law.  While the Court recognizes

–2–

that such disagreements arise in almost every case, the Court also recognizes that parties ultimately disagree over only a limited number of issues. The disputed instructions should be equally so limited.

The disputed instructions should be presented to the Court within the framework of the overall set of instructions. The parties should put forth differing versions of disputed instructions, and the Court will select one version (as outlined in 1(b) above).

The instructions and verdict form submitted to the Court **MUST** be numbered, and the parties must also submit an un−numbered index. Attribution and case citation for each instruction shall be placed on pages following a proposed instruction. For disputed instructions, a party should note its objections to a proposed instruction and its reasons for putting forth its alternative on pages placed after its own alternative instruction.

**INSTRUCTIONS SHALL BE BRIEF, CLEAR, CONCISE, WRITTEN IN PLAIN ENGLISH, FREE OF ARGUMENT AND SHALL BE ORGANIZED IN LOGICAL FASHION SO AS TO AID JURY COMPREHENSION**. Standard or form instructions, if used, must be revised to address the particular facts and issues of this case.

The following list contains some suggested sources for jury instructions:

      1.    Ninth Circuit Model Jury Instructions

           (updated yearly)

      2.    Federal Jury Practice and Instructions

           (Devitt and Blackmar (4th Edition))

      3.    Modern Federal Jury Instructions

           (Matthew Bender 1985)

      4.    California Forms of Jury Instructions

           (Matthew Bender 1985)

///

**B.** **COURT TRIALS**

Counsel for plaintiff(s) and defendant(s) in non–jury trials shall submit the direct testimony of their witnesses in writing in the format of a declaration subject to the penalties of perjury.  These declarations shall be in admissible form with appropriate foundations established for the declarant's statements.  Paragraphs in each declaration shall be numbered consecutively so as to facilitate the identification of paragraphs for evidentiary objections.

Counsel are to exchange and file these declarations with the Court at least eight calendar days before trial, unless otherwise ordered by this Court.  Four calendar days before trial, counsel may file a separate document stating any evidentiary objections he or she may have with each declaration.

At trial the Court will rule on the evidentiary objections and, depending upon the rulings, the declarations will be received in evidence either in whole or in–part or rejected.  Counsel will then conduct the cross–examination and re–direct examination at trial.  This Order does not apply to rebuttal witnesses.

Failure to comply with the literal terms of this Order will result in sanctions or the refusal of the Court to allow the testimony of that witness.

**C.** **WAIVER OF PRETRIAL CONFERENCE**

In those cases where the Court waives a pretrial conference, counsel shall file memos of contentions of fact and conclusions of law, trial briefs, exhibit lists, witness lists, etc., at least one week prior to trial.

**D.** **PROCEDURES PRIOR TO TRIAL**

1.   Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge, as provided in this Court's Standing Order.  The Court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes.  Any discovery disputes that are not resolved three (3) weeks prior to the scheduled trial date should be brought promptly and directly to the attention of this Court.

2.      If you are intending to use any depositions for impeachment or any purpose, arrange to have them lodged with the Courtroom Deputy Clerk on the first day of trial if they are in your control, or request opposing counsel to do the same for depositions in his or her control. Otherwise, be prepared to lodge a copy in lieu of the original with a stipulation that the copy may be used as if it were the original.

3.      Come to the courtroom NOT LATER THAN 8:30 a.m. on the first day of trial and present the Courtroom Deputy Clerk with the following documents:

a)      THREE COPIES of your previously filed exhibit list in the form specified in Local Rule 16−6.  When the exhibit is objected to, add after description of each exhibit, the words "OBJECTED TO." (Photographs, charts etc. and each document shall be listed on the exhibit list.)  Blow−ups of previously marked exhibits shall receive an "A" designation following the exhibit number.

b)      THREE COPIES of your previously filed witness list.  It will be assumed that each listed witness will testify live unless following his or her name you state "by deposition." (See marking of depositions, item #7.)

c)      In Court trials, ONE COPY of each of your previously filed witness' declarations.

d)      ALL of your exhibits, with official exhibit tags attached, bearing the same number shown on your exhibit list, must be delivered to the Courtroom Deputy Clerk not later than 8:30 a.m. on the first day of trial.  Official exhibit tags are available from the Civil Intake Window in the Clerk's Office, Room G−19.  Exhibits shall be marked in accordance with Local Rule 11−5.3 and 16−5.1.  A separate number is NOT given to each page of a single document.

e)      In civil cases, equipment such as a video tape player, tape recorder, projector, shadow box, large drawing paper, etc., are no longer provided by the Court.  You must arrange to bring your own equipment.  You may bring

the equipment into the courthouse but courthouse regulations require a "Letter of Authority" from the Court Liaison to remove the equipment from the building. A "Letter of Authority" may be obtained by notifying the Court Liaison at (213) 894–0222.

4.      The Court finds it helpful to follow the testimony closely and thus, counsel MUST have the following available:

a)      A bench book containing a copy of all exhibits that can, as a practical matter be reproduced.  Each exhibit shall be marked with a tab identifying the exhibit's number for easy reference.

b)      An extra copy of each deposition that will be used in lieu of live testimony or for impeachment.

5.      Counsel are advised to be on time as the Court starts promptly. Usual "trial days" are Tuesdays through Fridays, 9:00 a.m. to 5:00 p.m.  Lunch recess is normally 12:00 noon to 1:30 p.m.  Morning and afternoon breaks are 5 to 10 minutes in length.

6.      Before trial commences, the Court will give counsel an opportunity to discuss, in advance, housekeeping matters and anticipated problems of procedure or law.  During the trial, if there are any housekeeping matters you wish to discuss, please inform the Courtroom Deputy Clerk of the types of matters for discussion.

7.      Where witnesses testify by deposition, please do the following:

a)      Mark with colored pen or pencil on the original of the deposition the parts you will be offering.  Plaintiff will use blue and defendant will use red.

b)      In a jury case, the marked portions of the deposition may be read to the jury.  You can arrange with opposing counsel or co–counsel to have someone in the witness chair read the witness' answers.

///

E.   **INSTRUCTIONS TO COUNSEL GOVERNING TRIALS IN THIS COURT**

1.   During trial counsel <u>shall not</u> refer to their clients by their first names.

2.   Opening statements, examination of witnesses and closing arguments should be made from the lectern only.  Ask permission before leaving the lectern.

3.   The Court views opening statements in a jury case as one of the most important parts of the case.  These statements should be well organized.  Avoid discussing the law or arguing the case in opening statements.  Tell the jury what facts the evidence will establish.

4.   Do not use objections for the purpose of making a speech, recapitulating testimony or, attempting to guide the witness.  When objecting, state only that you are objecting and the legal ground of the objection, e.q., hearsay, irrelevant, etc.  If you wish to argue an objection further, ask for permission to do so.

5.   <u>Speak up</u> when making an objection.  The acoustics in most courtrooms make it difficult for all to hear an objection when it is being made.  Counsel must speak audibly and clearly when questioning witnesses or arguing to the Court or jury.  Counsel should instruct their witnesses to speak audibly and clearly.

6.   Do not approach the Clerk or the witness box without specific permission. Go back to the lectern when the purpose of the approach is finished.

7.   <u>Rise</u> when addressing the Court.  In a jury case, please rise when the jury enters or leaves the Courtroom.

8.   Address all remarks to the Court.  Do not address the clerk, the reporter, or opposing counsel.  If you want to say something to opposing

counsel, ask permission to talk to him or her off the record. All requests for the re–reading of questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

9.    The Court shall be addressed as "Your Honor" at all times, not "Judge" as in state court practice.

10.    In a jury case, do not make an offer of a stipulation unless you have conferred with opposing counsel and have reason to believe the stipulation will be accepted.

11.    While Court is in session, do not leave the counsel table to confer with investigators, secretaries, paralegals, or witnesses in the back of the courtroom unless permission is granted in advance.

12.    Counsel should not by facial expression, nodding, or other conduct which exhibit any opinions, adverse or favorable, concerning any testimony which is being given by a witness or any ruling by the Court. Counsel shall admonish their own clients and witnesses similarly to avoid such conduct.

13.    When a party has more than one lawyer, only one may conduct the direct or cross–examination of a given witness.

14.    If a witness was on the stand at a recess or adjournment, have the witness back on the stand, ready to proceed when Court resumes.

15.    Do not run out of witnesses. If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

16.    The Court attempts to cooperate with doctors and other professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be put on out of sequence.

///

///

///

///

Anticipate any such possibility and discuss it with opposing counsel.  If there

is objection, confer with the Court in advance.

**IT IS SO ORDERED.**

DATED: February 17, 2015

_____

Stephen V. Wilson
United States District Judge