David E. Stanley (SBN 144025)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
dstanley@reedsmith.com

Michael X Imbroscio *(pro hac vice)*
Phyllis A. Jones *(pro hac vice)*
Kathleen E. Paley *(pro hac vice)*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5868
Facsimile: (202) 778-5868
mimbroscio@cov.com
pajones@cov.com
kpaley@cov.com

Attorneys for Defendant
Eli Lilly and Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA HERRERA & PETER LOWRY,<br><br>Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>Defendant. | No.: 2:13-cv-2702 SVW-MANx<br><br>**MOTION IN LIMINE TO BAR EVIDENCE OR ARGUMENT RELATING TO PROZAC**<br><br>Date:      April 27, 2015<br>Time:     3:00 PM<br>Location: Courtroom 6<br>Judge:    Hon. Stephen V. Wilson |

# NOTICE OF MOTION

TO PLAINTIFF[1] AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on April 27, 2015, at 3:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the United States District Court, Central District of California, Western District, located at 312 N. Spring Street, Los Angeles, California 90012, Defendant Eli Lilly and Company will move the Court to exclude evidence and testimony related to Prozac.

The motion will be based on this notice of motion, the memorandum of points and authorities set forth below, and counsel's declaration and exhibits thereto. This motion is made following a conference of counsel pursuant to L.R. 7-3, which took place on March 16, 2015.

DATED: March 30, 2015                    Respectfully Submitted,

                                                                              /s/ David E. Stanley
                                                                              David E. Stanley
                                                                              Katherine W. Insogna
                                                                              REED SMITH LLP

                                                                              Michael X Imbroscio (*pro hac vice*)
                                                                              Phyllis A. Jones (*pro hac vice*)
                                                                              Kathleen E. Paley (*pro hac vice*)
                                                                              COVINGTON & BURLING LLP

                                                                              Attorneys for Defendant
                                                                              ELI LILLY AND COMPANY

---

[1] Counsel for Plaintiff Peter Lowry has informed Lilly that Mr. Lowry is no longer pursuing his claim for loss of consortium. Accordingly, Lilly will refer to a single plaintiff throughout this motion and supporting memorandum — Plaintiff Claudia Herrera.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## **TABLE OF CONTENTS**

BACKGROUND ..................................................................................................3

ARGUMENT ......................................................................................................6

A. Prozac Evidence Is Irrelevant. ..................................................................6

B. Prozac Evidence Will Confuse the Issues and Waste Time ................................8

C. Prozac Evidence Is Substantially More Prejudicial Than Probative. ...................9

CONCLUSION .................................................................................................11

MOTION IN LIMINE TO BAR EVIDENCE OR ARGUMENT RELATING TO PROZAC

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Blevins v. New Holland N. Am., Inc.*,
  128 F. Supp. 2d 952 (W.D. Va. 2001) ................................................................. 11

*Bouchard v. American Home Products Corporation*,
  213 F. Supp. 2d 802 (N.D. Ohio 2002) ........................................................ 10, 11

*Chlopek v. Fed. Ins. Co.*,
  499 F.3d 692 (7th Cir. 2007) ................................................................................ 9

*Cross v. Wyeth Pharm., Inc.*,
  2011 U.S. Dist. LEXIS 67348 (M.D. Fla. June 23, 2011) ................................... 6

*Ellis v. Int'l Playtex, Inc.*,
  745 F.2d 292 (4th Cir. 1984) ............................................................................ 8, 9

*McDowell v. Eli Lilly & Co.*,
  --- F. 3d ---, 2014 U.S. Dist. LEXIS 157819 (S.D.N.Y. Nov. 6, 2014) ............... 7

*Montana v. Egelhoff*,
  518 U.S. 37 (1996) ............................................................................................... 8

*Olson v. Ford Motor Co.*,
  481 F.3d 619 (8th Cir. 2007) ................................................................................ 9

*Skibniewski v. Am. Home Prods. Corp.*,
  2004 WL 5628157 (W.D. Mo. Apr. 1, 2004) ....................................................... 6

*United States v. Allen*,
  341 F.3d 870 (9th Cir. 2003) ................................................................................ 9

*Vondersaar v. Starbucks Corp.*,
  2013 WL 1915746 (N.D. Cal. May 8, 2013) ........................................................ 5

**Rules**

Fed. R. Civ. P. 26 ......................................................................................................... 5

Fed. R. Evid. 401 ......................................................................................................... 6

Fed. R. Evid. 402 ......................................................................................................... 6

Fed. R. Evid. 403 .................................................................................................. 8, 10

## **MEMORANDUM OF POINTS AND AUTHORITIES**

This case centers on two narrowly-focused claims — (1) that Plaintiff Claudia Herrera suffered adverse events due to discontinuing treatment with Cymbalta, a serotonin norepinephrine reuptake inhibitor ("SNRI") prescribed to treat her anxiety and depression, and (2) that an alleged deficiency in the warning on discontinuation symptoms contained in Cymbalta's FDA-approved package insert ("USPI" or "label") led to her alleged injuries. Despite the clarity of these core issues, Plaintiff has pursued extensive discovery on Prozac, or fluoxetine, a separate Lilly product within a separate antidepressant class (selective serotonin reuptake inhibitor or "SSRI") approved decades before Plaintiff's Cymbalta treatment. This evidence is far removed from Plaintiff's claims. There is no evidence that Plaintiff was treated with Prozac; that Prozac's labeling or marketing had any bearing on the decision by Plaintiff's healthcare providers to prescribe Cymbalta; or that Prozac evidence will ultimately illuminate the central adequacy and causation issues presented in this litigation. For that reason, this evidence fails Rule 401's threshold relevance inquiry and is inadmissible. The evidence is separately inadmissible because its introduction at trial is likely to confuse the issues and waste time by creating mini-trials on Lilly's development, marketing, and labeling on an unrelated product and unfairly prejudice Lilly.

In particular, Lilly moves to exclude documentary evidence or testimony relating to Prozac or fluoxetine, including but not limited to[2]:

---

[2] Due to the length of Plaintiff's exhibits, Lilly includes here only Plaintiff's exhibit list and not the exhibits themselves. Plaintiff's exhibit list, disclosed to Lilly on March 11, 2015, is attached as Exhibit 1 to Kathleen Paley's declaration in support of this motion. An e-mail dated March 19, 2015 from Plaintiff's counsel to Lilly's counsel, identifying further exhibits and providing clarifying information on certain of

- any investigation by Lilly into the comparative discontinuation profiles of Prozac and Paxil (also known as paroxetine), an antidepressant developed and marketed by another prescription medicine manufacturer;[3]
- any discussion of Prozac marketing;[4]
- any third-party documentary evidence collected pursuant to subpoena issued to Maurizio Fava, M.D. and Jerrold F. Rosenbaum, M.D., both of Massachusetts General Hospital;[5]
- evidence relating to a 1997 symposium on antidepressant discontinuation-emergent adverse events and the May 6, 2007 *New York Times Magazine* article entitled "Self-Nonmedication";[6]
- the expiration of Prozac's patent;
- any publications relating to Prozac but not Cymbalta;[7] and

---

its previously-disclosed exhibits is attached as Exhibit 2 to Kathleen Paley's declaration in support of this motion.

[3] Including but not limited to the following exhibits Plaintiff disclosed to Lilly on March 11, 2015: Pl. Exs. 147 (Discontinuation Symptoms: Comparison of Brief Interruption in Fluoxetine and Paroxetine Treatment; International Clinical Psychopharmacology, 2002), 306 (A Comparison of Symptoms Following Treatment Interruption: Evidence from a Randomized, Double-Blind Trial of Fluoxetine, Paroxetine, and Sertraline, 1998), 343 (Selective Serotonin Reuptake Inhibitor Discontinuation Syndrome: A Randomized Clinical Trial, Biological Psychiatry, 1998).

[4] Including but not limited to the following exhibit Plaintiff disclosed to Lilly on March 11, 2015: Pl. Ex. 179 (Business Plan Guide, 1997), *available at* http://abcnews.go.com/images/Primetime/paxil_bpg.pdf; and the following exhibit Plaintiff disclosed to Lilly on March 19, 2015: E-mail from Tran to Deberdt, Nov. 11, 2002, CYM-01813088-89.

[5] Including but not limited to the following exhibits Plaintiff disclosed to Lilly on March 11, 2015: Pl. Exs. 45 (Letter from B. Krebs to Dr. M. Fava re: Statistical Analyses on Discontinuation, 1997), 230 (Records from Maurizio Fava MD), 231 (Records from Jerrold F. Rosenbaum, MD).

[6] Including but not limited to the following exhibit Plaintiff disclosed to Lilly on March 11, 2015: Pl. Ex. 344 (Serotonin Reuptake Inhibitor Discontinuation Syndrome: A Hypothetical Definition, 1997).

MOTION IN LIMINE TO BAR EVIDENCE OR ARGUMENT
RELATING TO PROZAC

- any documents produced to Plaintiff in response to her Prozac-related discovery requests.[8]

## BACKGROUND

Prozac, or fluoxetine, is an SSRI manufactured by Lilly for the treatment of major depressive disorder ("MDD"), obsessive compulsive disorder ("OCD"), bulimia nervosa, and panic disorder. It was initially approved by the FDA in 1987, and it enjoyed patent exclusivity until 2001, three years before Cymbalta's initial approval for the treatment of MDD. As Plaintiff concedes in her complaint, "[u]nlike Prozac, Cymbalta is a[n] . . . SNRI." Compl. ¶ 12. Cymbalta has a different mechanism of action than Prozac and, while the products share certain approved uses, they are prescribed to treat distinct conditions.[9] In sum, Prozac and Cymbalta are two separate

---

[7] Including but not limited to the following exhibits Plaintiff disclosed to Lilly on March 11, 2015: Pl. Exs. 104 (Charles S. Berlin, Fluoxetine Withdrawal Symptoms, J. Clinical Psychiatry, 1996), 119 (Fluoxetine Withdrawal? Americal [sic] Journal of Psychiatry, 1995), 121 (Paroxetine and Fluoxetine in Pregnancy: A Multicenter, Prospective, Controlled Study; Reproductive Toxicology, 2005), 138 (Prozac Backla[s]h; Overcoming the Dangers of Prozac, Zolof[t], Paxil and Other Antidepressants with Safe, Effective Alternatives), 143 (Newer Antidepressants and the Discontinuation Syndrome, 1997), 148 (Antidepressant Noncompliance as a Factor in the Discontinuation Syndrome, 1997), 149 (Reversible Delirium After Discontinuation of Fluoxetine; Journal Medical Association, 1995), 159 (Antidepressant Discontinuation: A Review of the Literature, 1997), 165 (A Comparison of Fluvoxamine, Fluoxetine, Sertraline and Paroxetine Examined by Observational Cohort Studies; Pharmacoepidemiology and Drug Safety, 1997), 176 (Extrapyramidal Symptoms upon Discontinuation of Fluoxetine; American Journal of Psychiatry, 1991), 177 (Safety of Abrupt Discontinuation of Fluoxetine: A Randomized, Placebo Controlled Study; Journal of Clinical Psychopharmacology, 1998).

[8] Including but not limited to Plaintiff's exhibit 69 (CYMPRO 0000000001-53299) disclosed to Lilly on March 11, 2015 and March 19, 2015, which is the Bates range for the entire Prozac production, and exhibit 374 (Appendix 22, Line Listing Reports of Overdose), disclosed to Lilly on March 11, 2015.

[9] Cymbalta is approved for: diabetic peripheral neuropathic pain ("DPNP"), general anxiety disorder ("GAD"), fibromyalgia, and chronic musculoskeletal pain. It is also approved, like Prozac, for MDD.

- 3 -
MOTION IN LIMINE TO BAR EVIDENCE OR ARGUMENT RELATING TO PROZAC

medicines. They are unique chemical compounds, separately approved by the FDA, and brought to market decades apart.

The Complaint purports to offer a historical account linking Prozac's patent expiration to Cymbalta's eventual development. *See* Compl. ¶ 12. But, this narrative account — even if supported — bears no relationship to Plaintiff's claims. Plaintiff does not allege that she consumed Prozac. There is no evidence that Prozac was contemplated as a potential therapy for Plaintiff, or that any prior experience by Plaintiff's prescribers with Prozac influenced their decision-making on her treatment. And, finally, there is no allegation in this suit that Plaintiff sustained any injury as a result of the use or discontinuation of Prozac.

Plaintiff nevertheless sought broad discovery on Prozac matters, including a Rule 30(b)(6) deposition on Prozac-related issues and requests for production. *See* Jt. Stip. on Proposed Prozac (Fluoxetine) Discovery, Dkt. #73 (Aug. 12, 2014) (hereinafter "Prozac Jt. Stip.") (describing Plaintiff's requested Prozac-related discovery). In a separate, subsequently-dismissed Cymbalta discontinuation suit, Plaintiff's counsel here issued third-party subpoenas pursuant to Federal Rule of Civil Procedure 45 on Prozac-related matters. *See* Paley Decl., Ex. 3 (Pl. Sidney Carter's Notice of Subpoenas to Fava & Rosenbaum, 2:13-cv-2700-GHK-SS (C.D. Cal. July 9, 2014)). Plaintiff has utilized documents produced pursuant to those subpoenas during depositions in this suit and included those documents on her exhibit list. Paley Decl. ¶ 2; *see* Paley Decl., Exs. 1 & 2.

Finally, Plaintiff's proposed general causation expert, Dr. Joseph Glenmullen, has offered a number of opinions relating to Lilly's development and marketing of Prozac. Those opinions turn on a factually unsupported challenge to Lilly's motives

- 4 -
MOTION IN LIMINE TO BAR EVIDENCE OR ARGUMENT
RELATING TO PROZAC

in the creation of Cymbalta's labeling on the discontinuation risk: that Lilly sought to "secure a market advantage" over competitor antidepressants by highlighting Prozac's more desirable discontinuation profile and later did "an about face" to hide Cymbalta's comparative discontinuation risk.[10] Paley Decl., Ex. A, at 39-41, Dkt. #130-3 (Mar. 4, 2015) (Expert Report of Dr. Joseph Glenmullen, Sept. 22, 2014) [hereinafter Glenmullen Sept. 2014 Rep.].

The Court has permitted certain limited Prozac discovery under the more liberal discovery standard applicable in the Ninth Circuit. *See* Transcript of Sept. 9, 2014 Hr'g, Dkt. #90 (Sept. 17, 2014); Fed. R. Civ. P. 26(b)(1); *Vondersaar v. Starbucks Corp.*, 2013 WL 1915746, at *4 (N.D. Cal. May 8, 2013). But, "[r]elevancy for discovery is flexible and has a broader meaning than admissibility at trial." *Vondersaar*, 2013 WL 1915746, at *4 (internal citation omitted). Importantly, the limited Prozac discovery to date has not yielded evidence to support the accusations lodged in Plaintiff's complaint or to establish the relationship between Plaintiff's claims regarding her use of Cymbalta and Lilly's handling of Prozac. Thus, Plaintiff cannot satisfy the higher standard for trial admissibility applicable in this Court. Even if this evidence were relevant, the Court should nevertheless exclude it because its probative value is substantially outweighed by (a) its tendency to confuse the issues and waste time, and (b) its prejudicial effect.

---

[10] Certain of Dr. Glenmullen's opinions on this issue are the subject of a pending *Daubert* motion. *See* Lilly's Mot. to Exclude the Expert Testimony of Joseph Glenmullen, Dkt. #138 (Mar. 4, 2015).

## ARGUMENT

### A. Prozac Evidence Is Irrelevant.

Relevant evidence makes a fact that is of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. In product liability suits, courts have held that evidence related to other products does not satisfy this threshold relevance standard. *See, e.g.*, *Cross v. Wyeth Pharm., Inc.*, 2011 U.S. Dist. LEXIS 67348, at *19 (M.D. Fla. June 23, 2011) (excluding evidence of other product where plaintiff "never used the product"); *Skibniewski v. Am. Home Prods. Corp.*, 2004 WL 5628157, at *4 (W.D. Mo. Apr. 1, 2004) (granting motion to exclude evidence of defendant Wyeth's other products on grounds of relevance and impermissible character evidence and validating Wyeth's argument that "evidence relating to different drugs, different injuries, different people and different conditions have no bearing on this case"). This authority reflects the common sense principal that the product at issue in a failure-to-warn suit is the proper subject of evidentiary inquiry in resolving the merits of a plaintiff's claims.

Here, there is no dispute over the factual heartland of Plaintiff's claims: that the Cymbalta label failed to warn sufficiently of the risk of discontinuation events and that this alleged failure to warn caused her claimed injuries. *See* Compl. ¶¶ 33-37. The record evidence relevant to these claims is largely undisputed. Cymbalta's label has warned of the possibility of discontinuation symptoms since the product's launch. *See* Paley Decl., Ex. 4 (Cymbalta Label (Aug. 3, 2004), CYM-00727996-CYM-00728013, at CYM-00728000-02, CYM-00728012). The information contained within that warning was based on Cymbalta's own clinical trial program, which was

constructed to evaluate discontinuation-related adverse events experienced by patients on the medicine. These symptoms were specifically studied for the disease for which Plaintiff was prescribed Cymbalta. *See, e.g.*, Paley Decl., Ex. 5 (HMBHb (excerpt), CYM-01057305-CYM-01059489, at CYM-01058617-18 (major depressive disorder trial including study of abrupt discontinuation)); Paley Decl., Ex. 6 (HMDT (excerpt), CYM-00750820-CYM-00753121, at CYM-00750973-74 (general anxiety disorder trial including study of tapered discontinuation)). Lilly has thus acknowledged, studied, and warned of potential Cymbalta discontinuation symptoms since the product's development. The question presented to the jury is whether that warning was sufficient for Plaintiff's doctors to make their prescribing decisions.[11]

Evidence regarding Prozac does not advance the resolution of these core issues. Indeed, documents and testimony on Prozac — including but not limited to Lilly's marketing of the medicine; Lilly's study of discontinuation symptoms related to Prozac alone or related to Prozac as compared to other drugs; the 1997 research symposium on discontinuation symptoms; and the expiration of Prozac's patent — make it neither more likely nor less likely that Cymbalta's label properly warned Plaintiff's doctors. The inquiry at hand focuses exclusively on the language in the Cymbalta label. Evidence on Prozac, a separate, non-Cymbalta medicine, does not illuminate what Cymbalta's label communicated to Plaintiff's physicians. Thus, it is irrelevant and should be excluded.

---

[11] At least one federal court has already determined that the Cymbalta discontinuation warning is adequate as a matter of law. *McDowell v. Eli Lilly & Co.*, --- F. 3d ---, 2014 U.S. Dist. LEXIS 157819, at *28 (S.D.N.Y. Nov. 6, 2014), *reconsideration denied*, No. 13-cv-3786 (S.D.N.Y. Feb. 26, 2015).

B. <u>**Prozac Evidence Will Confuse the Issues and Waste Time.**</u>

Even if the Court were to find that Prozac-related evidence is relevant — which it should not — the Court should exercise its discretion to exclude it pursuant to Federal Rule of Evidence 403 because it will do nothing more than confuse the issues and waste time. *See, e.g.*, *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

The Prozac-related evidence that Plaintiff seeks to introduce purports to bear out an attenuated, unsupported narrative that Lilly purposefully sought to downplay the risk of Cymbalta discontinuation events in the wake of Prozac's patent expiration. *See, e.g.*, Glenmullen Sept. 2014 Rep., at 39-41; Prozac Jt. Stip., at 4 (making Prozac campaign point and citing Dr. Glenmullen's declaration in *Saavedra v. Lilly*, 2:12-cv-09366-SVW-MAN (C.D. Cal.)). Not only are these issues "clearly tangential to the main [issue] facing the jury," *Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292, 305 (4th Cir. 1984) — whether the text of Cymbalta's label was adequate for Plaintiff's physicians to make their prescribing decisions — but, examination of such evidence will result in prolonged mini-trials. As a consequence, critical time before the jury will be devoted to litigating Lilly's handling of a separate product developed and marketed years before Plaintiff's Cymbalta treatment.

If the evidence were allowed before the jury, Lilly would be entitled to address each of the inferences that could be drawn from the evidence. To do so, Lilly would need to delve into, for instance, its development and marketing of Prozac, the

- 8 -
MOTION IN LIMINE TO BAR EVIDENCE OR ARGUMENT RELATING TO PROZAC

relationship between half-life and discontinuation symptoms, the financial effect of Prozac's patent expiration, and Lilly's decision-making surrounding its labeling and marketing of Prozac.  This exercise would lead the jury astray from the main issue in the action and needlessly prolong the trial.  Other courts have excluded other-products evidence precisely for these reasons.  *See, e.g.*, *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007) (affirming decision that "it was inadvisable" to allow evidence related to other medical device "when the issue of the case was the adequacy of the warnings on [a separate medical device]" and where such evidence "could have confused the jury and unnecessarily prolonged the trial"); *cf. Olson v. Ford Motor Co.*, 481 F.3d 619, 623-24 (8th Cir. 2007) (affirming exclusion of evidence that would have turned "trial into a whole host of 8, 10, 12, 15 mini-trials" since "[n]o judge wants to see one trial turn into several" (internal quotation marks and citations omitted)); *Ellis*, 745 F.2d at 305 (excluding evidence of consumer complaints because trial would be "unduly prolonged while [defendants] challenge[] the substance of each complaint").  The same considerations invoked by the courts deciding these cases, including the desire to avoid the needless lengthening of trial due to litigation of peripheral factual issues, apply equally here.

Accordingly, Prozac-related evidence should be excluded because its probative value is substantially outweighed by the danger of wasting time and confusing the jury.

### C. Prozac Evidence Is Substantially More Prejudicial Than Probative.

Finally, the Court should exclude Plaintiff's Prozac-related evidence because, even assuming the evidence is relevant — which it is not — the probative value is substantially outweighed by the danger of unfair prejudice.  "Unfair prejudice," under

Rule 403, means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003).

As described more fully above, Dr. Glenmullen, Plaintiff's proposed expert, has made clear that he intends to invoke the Prozac evidence at issue to spin a tale of alleged corporate malfeasance: that Lilly, armed with the knowledge of the risk of antidepressant discontinuation symptoms, crafted the discontinuation language in Cymbalta's label to increase sales. Such evidence and testimony, and any eventual counsel argument, are unsupported and would severely prejudice Lilly by infusing an unfounded sense of fraud into the trial. Jurors will be called upon to make their decision based on Lilly's alleged motives rather than the explicit text of the Cymbalta discontinuation warning and the testimony of Plaintiff's prescribing physicians on the risk of discontinuation symptoms.

The Court should not permit Plaintiff to construct her case on provocation rather than record evidence tied to the claims arising from her Cymbalta treatment. The court's decision in *Bouchard v. American Home Products Corporation*, 213 F. Supp. 2d 802 (N.D. Ohio 2002), is instructive. There, plaintiff alleged that the defendant drug manufacturer's diet drug caused her injury. Prior to trial, defendant moved to exclude trial evidence of its marketing of another one of its products on the basis of relevance, waste of time, and confusion of the issues. In response to defendant's motion, plaintiff contended that the other-drug evidence should be admissible because it would "relate[] to a conceptual understanding of the marketing decisions made by defendants regarding [the drug at issue] and [defendant's] underlying plan and method of operation." The court rejected this argument, holding

that, "[b]ecause [plaintiff] did not take [the other drug], both the probative value and relevance of evidence related to [it] . . . are questionable, at best. . . . Introduction of any testimony regarding [the other drug] would necessitate detailed explanation and comparison of the two drugs, and even then[,] the potential for confusion and unfair prejudice would be inordinately high." 213 F. Supp. 2d at 811; *see also* *Blevins v. New Holland N. Am., Inc.*, 128 F. Supp. 2d 952 (W.D. Va. 2001) (excluding evidence of different model of hay baler in light of prejudicial effect on manufacturer in product liability suit). This is also the case here.

In the face of the negligible probative value of Prozac evidence and the "inordinately high" potential for unfair prejudice, the Court should exclude it.

## CONCLUSION

For the foregoing reasons, Lilly respectfully requests that the Court exclude Plaintiff's evidence and argument related to Prozac.

DATED: March 30, 2015                    Respectfully Submitted,


                                         /s/ David E. Stanley
                                         David E. Stanley
                                         REED SMITH LLP

                                         Michael X Imbroscio (*pro hac vice*)
                                         Phyllis A. Jones (*pro hac vice*)
                                         Kathleen E. Paley (*pro hac vice*)
                                         COVINGTON & BURLING LLP

                                         Attorneys for Defendant
                                         ELI LILLY AND COMPANY

MOTION IN LIMINE TO BAR EVIDENCE OR ARGUMENT RELATING TO PROZAC