David E. Stanley (SBN 144025)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
dstanley@reedsmith.com

Michael X Imbroscio *(pro hac vice)*
Phyllis A. Jones *(pro hac vice)*
Kathleen E. Paley *(pro hac vice)*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5868
Facsimile: (202) 778-5868
mimbroscio@cov.com
pajones@cov.com
kpaley@cov.com

Attorneys for Defendant
Eli Lilly and Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN HEXUM & NICK HEXUM,<br><br>  Plaintiffs,<br><br>  v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>  Defendant.<br><br>* * *<br><br>CLAUDIA HERRERA and PETER LOWRY,<br><br>  Plaintiffs,<br><br>  v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>  Defendant. | Case No.: 2:13-cv-2701 SVW-MANx<br><br>Case No.: 2:13-cv-2702 SVW-MANx<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO BAR EVIDENCE OR ARGUMENT RELATING TO PROZAC**<br><br>Date: April 27, 2015<br>Time: 3:00 PM<br>Location: Courtroom 6<br>Judge: Hon. Stephen V. Wilson |

# ARGUMENT

As a preliminary matter, Plaintiffs' lead argument that Eli Lilly and Company's ("Lilly") motion should be denied out of hand because Lilly did not attach the specific Prozac exhibits it seeks to exclude is meritless.[1]  Lilly's opening motion specifically discussed the limited Prozac arguments Plaintiffs have made to date, citing specific exhibits.  *See* Mot. at 2-3.  But Lilly cannot be faulted for Plaintiffs' failure to develop these arguments as required through discovery and pretrial disclosures, as evidenced by Plaintiffs' wholly improper designation of a ***full document production -- consisting of more than 53,000 pages --*** as a single trial exhibit.  Plaintiffs cannot ambush Lilly with unspecified Prozac documents and then fault Lilly for not developing Plaintiffs' arguments for them.  And, because Plaintiffs included Lilly's entire Prozac production on their trial exhibit list, they cannot also take the position that Lilly's Prozac production was irrelevant to their document requests.  *See* Pls.' Opp'n, at 6-7 n.3.  To the contrary, Plaintiffs' improper conduct on this issue is reason alone to exclude this evidence.

More fundamentally, none of Plaintiffs' proposed Prozac evidence addresses the questions the jury is tasked to answer — whether the discontinuation warning in the Cymbalta label was adequate or whether any alleged inadequacy was the proximate cause of Plaintiffs' claimed injuries.  *See, e.g.*, *Cross v. Wyeth Pharm., Inc.*, 2011 U.S. Dist. LEXIS 67348, at *19 (M.D. Fla. June 23, 2011) (excluding evidence of other product on relevance grounds in failure to warn case); *Skibniewski v. Am. Home Prods. Corp.*, 2004 WL 5628157, at *4 (W.D. Mo. Apr. 1, 2004) (excluding evidence of other products on grounds of relevance and impermissible character evidence and validating defendant Wyeth's argument that "evidence relating to different drugs,

---

[1] Because Plaintiffs combined their Herrera and Hexum oppositions into one brief, Lilly has done the same for its reply brief.  Notwithstanding the Court's order that the Herrera and Hexum cases shall be tried separately and that the Herrera case shall be tried first, Lilly is filing this brief in both matters to ensure that the briefing in each case is complete, for the sake of good order.

-1-
Case Nos.: 2:13-cv-2701 SVW-MANx and 2:13-cv-2702 SVW-MANx
DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO BAR
EVIDENCE OR ARGUMENT RELATING TO PROZAC

different injuries, different people and different conditions have no bearing on this case"). It is uncontested that Cymbalta's label has included a three-paragraph warning on discontinuation since its initial launch in 2004. Cymbalta's label lists specific discontinuation symptoms that occurred at a significantly higher rate for Cymbalta as compared to placebo, warns that symptoms may be severe, instructs physicians to gradually reduce dosage in lieu of abruptly stopping the medicine and resume previous dosages if intolerable symptoms occur, and warns physicians to monitor patients.[2] Thus, Plaintiffs' attempt to tie Prozac evidence to whether Lilly was on notice of the "frequency, severity, and duration of Cymbalta [discontinuation]" defies logic.[3] *See* Pls.' Opp'n, at 8.

Unable to cobble together a link between the Prozac evidence and the facts of their cases, Plaintiffs argue in the alternative that such is relevant to punitive damages. But the issue of punitive damages cannot be considered by the jury in these cases because it is black letter law in the Ninth Circuit that punitive damages cannot be awarded where a manufacturer warns of the potential risk that resulted in a plaintiff's injury, even where that warning is inadequate. *See, e.g.*, *Heston v. Taser Int'l, Inc.*, 431 F. App'x 586, 589 (9th Cir. 2011) (upholding decision to vacate punitive damages award where "TASER made efforts, albeit insufficiently, to warn its customers about the risks posed by prolonged TASER deployment"). This is so because, while an inadequate warning "may amount to negligence, it does not rise to the level of 'willful or wanton' conduct" required to support punitive damages. Courts across the country agree.[4]

---

[2] *See* Cymbalta U.S. Package Insert, Aug. 3, 2004, at http://www.accessdata.fda.gov/drugsatfda_docs/label/2004/21427lbl.pdf.
[3] Indeed, one court has specifically held, as a matter of law, that Cymbalta's label adequately warns physicians about discontinuation symptoms. *See McDowell v. Eli Lilly & Co.*, --- F. Supp. 3d ---, 2014 U.S. Dist. LEXIS 157819 (S.D.N.Y. Nov. 6, 2014), *reconsideration denied*, No. 13 Civ. 3786, 2015 U.S. Dist. LEXIS 23445 (S.D.N.Y. Feb. 25, 2015). Moreover, Prozac is not approved to treat fibromyalgia, so that evidence is even more attenuated in the case of Mrs. Hexum.
[4] *See Salvio v. Amgen Inc.*, 2012 U.S. Dist. LEXIS 19009, *24-25 (W.D. Pa. Feb. 15, 2012) (granting motion to dismiss punitive damages claim where the pharmaceutical

Finally, Plaintiffs' contention that Prozac evidence will not "result in confusion and the necessity of mini-trials" is nonsensical. Plaintiffs devote more than half of their opposition to detailing how Lilly "spearheaded research into antidepressant withdrawal comparing Prozac to other antidepressants on the market" with an aim to "tout[] [how Prozac w]as being far better []with respect to withdrawal[] than the shorter half-life drugs";[5] that Lilly's competitor, GlaxoSmithKline, considered Prozac's marketing to be negatively directed against its drug Paxil;[6] how Lilly structured Prozac's clinical trials;[7] and that, stemming from Lilly's Prozac marketing, Lilly's employees were sensitive to Paxil's purported negative publicity regarding discontinuation symptoms.[8] Notably, Plaintiffs make this final point without referencing that Paxil's discontinuation publicity was in the midst of litigation brought by Plaintiffs' counsel here;[9] that, concurrent with the Paxil lawsuits, the FDA imposed class labeling on discontinuation symptoms for antidepressant medicines; that

---

label "warned of . . . the very injury that allegedly caused Decedent's death," so that "*even if Plaintiff could show that more could have been done or said*, the Defendants did not display indifference toward the public's safety") (emphasis added) (Pennsylvania law); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th. Cir. 2000) ("[T]he issue of punitive damages should not go to the jury when a manufacturer takes steps to warn the plaintiff of the potential danger that injured him; such acts bar a finding of wantonness.") (Alabama law); *Bhagvandoss v. Beiersdorf, Inc.*, 723 S.W.2d 392, 398-99 (Mo. 1987) (en banc) (reversing a finding of punitive damages in a failure to warn case involving bandages, noting that "[i]nadequate communication cannot be equated to conscious disregard" of patient safety, and that "there is no showing that the appellant concealed anything from the FDA, or failed to cooperate.") (Missouri law); *Dudley v. Bungee Int'l Mfg. Corp.*, 1996 U.S. App. LEXIS 1267, *10 (4th Cir. Jan. 31, 1996) (reversing finding on punitive damages where "[defendant] warned of the potential danger that injured [plaintiff]" and thus "an award of punitive damages was not warranted under a failure to warn theory") (Virginia law); *De Luryea v. Winthrop Laboratories*, 697 F.2d 222, 231 (8th Cir. 1983) (upholding district court's dismissal of punitive damages claim even in the face of inadequate warning because "there was no evidence to support punitive damages") (Arkansas law).
[5] Pls.' Opp'n, at 1-2.
[6] *See id.* at 2 n.1.
[7] *See id.* at 2-4.
[8] *See id.* at 4-6.
[9] *See, e.g.*, Sarah Boseley, *Drug Giant Faces Huge Lawsuit*, Guardian (Sept. 6, 2001), http://www.theguardian.com/society/2001/sep/06/mentalhealth (discussing initial Paxil discontinuation suits and stating that Baum, Hedlund, Aristei, Guilford and Schiavo were leading the action for the plaintiffs).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Cymbalta's initial label included the FDA-imposed class language on discontinuation; and that Paxil's post-lawsuit, post-class label adopted discontinuation language virtually identical to that contained in Cymbalta's launch label.[10] As illustrated by (a) the above narrative, (b) the fact that Plaintiffs aver this evidence supports Lilly's alleged improper "motive,"[11] and (c) the fact that Plaintiffs have designated well over fifty-thousand pages of Prozac-related material for trial, it cannot seriously be contested that Prozac evidence will create a major side issue for both parties that does nothing to further the ultimate issue before the jury.[12]

Consistent with courts around the country, this Court should exclude Plaintiffs' proposed Prozac evidence. *See* Lilly's Prozac Mot., at 9 (collecting cases excluding evidence that will result in mini-trials).

DATED: April 20, 2015

Respectfully Submitted,

/s/David E. Stanley
David E. Stanley
Katherine W. Insogna
REED SMITH LLP

Michael X Imbroscio (*pro hac vice*)
Phyllis A. Jones (*pro hac vice*)
Kathleen E. Paley (*pro hac vice*)
COVINGTON & BURLING LLP

Attorneys for Defendant

ELI LILLY AND COMPANY

---

[10] *See, e.g.*, Paxil U.S. Package Insert, Aug. 2, 2007, http://www.accessdata.fda.gov/drugsatfda_docs/label/2007/020031s053,020710s017lbl.pdf.
[11] *See* Pls.' Opp'n, at 8.
[12] One of Plaintiffs' principle justifications for seeking to try a Prozac case within a Cymbalta case is their argument that Prozac documents on half-life help establish the point that half-life can influence discontinuation symptoms. But Lilly does not contest this point. As is well known in the medical community, half-life is one of a number of factors that can influence discontinuation symptoms. Plaintiffs need not draw on evidence involving another drug to make this point.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware