Harris L. Pogust (pro hac vice)
hpogust@pbmattorneys.com
T. Matthew Leckman (pro hac vice)
mleckman@pbmattorneys.com
POGUST BRASLOW & MILLROOD LLC
161 Washington Street, Suite 940
Conshohocken, PA 19428
T: (610) 941-4204
F: (610) 941-4245
Attorneys for Plaintiffs

Bijan Esfandiari
besfandiari@BaumHedlundLaw.com
BAUM, HEDLUND, ARISTEI & GOLDMAN
A Law Corporation, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
T: (310) 207-3233
F: (310) 820-7444
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIN HEXUM & NICK HEXUM, <br> Plaintiffs, <br><br> v. <br><br> ELI LILLY & COMPANY, an Indiana corporation, <br> Defendant <br><br> * * * * * <br> CLAUDIA HERRERA & PETER LOWRY, <br> Plaintiffs, <br><br> v. <br><br> ELI LILLY & COMPANY, an Indiana corporation, <br> Defendant. | No.: CV 13-2701 SVW−MAN <br> No.: CV 13-2702 SVW−MAN <br><br> **PLAINTIFFS' NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION TO COMPEL DISCLOSURE OF THE FINANCIAL BIASES OF LILLY CORPORATE WITNESSES WHO WILL TESTIFY AT TRIAL** |

{CMWD-003471/00805467-2}

**TO THE ABOVE-NAMED COURT AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs in the above-captioned matters apply ex parte for an order compelling disclosure of the financial biases of Eli Lilly & Company ("Lilly") corporate witnesses.

Plaintiffs make this application ex parte because they asked Lilly witnesses—David Perahia, Sharon Hoog, and Sara Mescher—during their sworn depositions what salary they currently earn as employees of Lilly. Plaintiffs also inquired about shares of company stock. Salaries and shares are relevant to bias, as bearing on credibility, which is always in issue for a sworn witness. However, Lilly counsel instructed these employees not to disclose their salaries or shares in the company, and furthermore, failed to articulate any privilege for withholding this relevant information. Additionally, Plaintiffs' counsel has since requested disclosure of this information, as well as the same information for another Lilly employee, Steven Knowles, who may be a witness during this trial. Lilly continues to refuse to disclose this relevant information, without any meritorious basis for its refusal.

Pursuant to Local Rule 7-19, Lilly's counsel's contact information is set forth below:

**Michael X. Imbroscio**
**Phyllis A. Jones**
**COVINGTON & BURLING LLP**
**1201 Pennsylvania Avenue, NW**
**Washington, DC 20004**
**(T) 202-662-5868**
**(F) 202-778-5868**
**mimbroscio@cov.com**
**pajones@cov.com**

{CMWD-003471/00805467-2}

**David E. Stanley**
**REED SMITH LLP**
**355 South Grand Avenue, Suite 2900**
**Los Angeles, CA 90071-1514**
**(T) 213-457-8000**
**(F) 213-457-8080**
**dstanley@reedsmith.com**

     This Ex Parte Application is brought in good faith and for good cause, pursuant to Local Rule 7-19, and is supported by the accompanying Memorandum of Points and Authorities and the Declaration of T. Matthew Leckman.

Dated: April 21, 2015

                                       Respectfully submitted,

                                       */s/ T. Matthew Leckman*
                                       T. Matthew Leckman
                                       Attorney for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

"Some people would lie under oath for a lot of money but not for a little." *U.S. v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999).

During discovery, Plaintiffs took the sworn, videotaped deposition of the following Lilly employees: (1) researcher and medical doctor David Perahia, a 15-year employee of Lilly who currently serves as a medical fellow in Lilly's Global Patient Safety division and was the lead author of the 2005 paper that is at the center of this litigation, Perahia, et al. *Symptoms following abrupt discontinuation of duloxetine treatments in patients with major depressive disorder*, J. Aff. Disord. 89 (2005) 207-2012 (revealing a 44+% risk of withdrawal syndrome among Cymbalta users); (2) researcher and medical doctor Sharon Hoog, M.D., a 22-year employee of Lilly who served as a medical advisor in Lilly's Global Patient Safety division with specific responsibilities regarding Cymbalta product labeling during the time it was brought to market in the United States; (3) Sara Mescher, a 15-year Lilly employee who currently serves as a regulatory labeling consultant in Lilly's Global Operations Labeling Department (GOLD) and has first-hand knowledge of the Cymbalta labeling in the U.S. and abroad; and (4) medical doctor Steven Knowles, a 12-year Lilly employee who currently serves as Senior Medical Director of Global Patient Safety, Medical and Benefit Risk Management and who has been designated by Lilly as the only company witness it may bring to give live testimony to the jury.[1]

In the case of Drs. Perahia and Hoog and Ms. Mescher, Plaintiffs' counsel specifically inquired into their salaries and shares of company stock, and each of them, upon the objection and at the instruction of Lilly counsel, refused to disclose this

---

[1] With the exception of Dr. Knowles, Plaintiffs have designated portions of the video depositions of all of these witnesses to be played at trial and have already disclosed and exchanged designations with Lilly counsel.

relevant bias information.[2]  On April 9, 2015, undersigned Plaintiffs' counsel again requested disclosure of this information, along with the disclosure of the same information for Dr. Knowles.[3]  Lilly continues to refuse to disclose this information,[4] and Plaintiffs respectfully urge that relief is warranted.

## ARGUMENT

It is axiomatic in American trials that "[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316 (1974).  "[T]he cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness," including by "revealing possible biases, prejudices, or ulterior motives of the witness …." *Id.* Furthermore, "[t]he partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting the witness and affecting the weight of his testimony'." *Id.* (citations omitted).  It is equally well settled that the financial motives or pecuniary interests of a sworn witness are relevant to the question of the witness' biases.  *See Harris*, 185 F.3d at 1008 (trial court abused discretion in preventing defendant from cross-examining prosecution witnesses on bias due to their financial interests).  Courts consistently recognize that evidence of a witness' "financial incentives" is "classic evidence of bias, which is routinely permitted on cross-examination." *Crowe v. Bolduc*, 334 F.3d 124, 132 (1st Cir. 2003) (citing *Wheeler v. U.S.*, 351 F.2d 946, 947 (1st Cir. 1965)).

Here, the jury should hear the financial interests of Lilly's employees in view of the myriad questionable positions they took in defending the drug labeling at issue. For example, Dr. Hoog resolutely defended the adequacy the U.S. Cymbalta withdrawal warning even though no doctor reading it would have any idea whether the risk was 2%,

---

[2] *See* Declaration of T. Matthew Leckman ("Leckman Decl."), Ex. 1 (Excerpts of Deposition of David Perahia), at 26:18—28:13; Ex. 2 (Excerpts of Deposition of Sharon Hoog), at 48:18—49:18; 80:16—81:22; and Ex. 3 (Excerpts of Deposition of Sara Mescher), at 22:20—23:18.

[3] *See* Leckman Decl., Ex. 4 (Letter from Plaintiffs to Lilly, dated April 9, 2015).

[4] *See* Leckman Decl., Ex. 5 (Letter from Lilly to Plaintiffs, dated April 15, 2015).

35%, 50%, 75% or 80%.[5]  Drs. Hoog and Perahia generally stood by the adequacy of the "1% or greater" language in the U.S. label notwithstanding, *inter alia*: the 44% incidence rate published in Perahia's 2005 paper; the company's use of the 44% figure in the European label; and Perahia's own editorial notes in a 2007 draft global safety document, indicating that his 2005 paper represented the most "comprehensive" way to describe the risk of discontinuation symptoms.[6]  Ms. Mescher—apparently having been thoroughly coached about what not to admit—refused to agree with even the simple statement that the U.S. withdrawal warning was "different" from that of the European label.  Throughout her deposition, she repeated answers that were clearly on message.  And eventually she was forced to admit that the first time she ever even compared the relevant U.S. and European labeling was just one month before her deposition.[7]  In the case of Dr. Knowles, he is the only company witness appearing on Lilly's witness list as a potential live witness.  If he attends, Plaintiffs have a right to explore his financial motives as they bear on his credibility.

    Lilly has stated no evidentiary basis and no privilege for withholding this relevant information, claiming baldly that it is "confidential" and "private."  As discussed above, that objection fails, and the information should be disclosed. Of course, notwithstanding its objection, Lilly seems to be of the position that the amount of money earned by experts is relevant for cross-examination.[8]  Lilly should not be permitted to have it both ways: either no witness should be cross-examined on financial biases or every witness should.  Accordingly, if the Court is disinclined to grant Plaintiffs relief on this issue, the alternative remedy is to bar all parties from cross-examining any witnesses on their salaries, fees, or pecuniary interests.  What is fair is fair.

---

[5] *See* Leckman Decl., Ex. 2 (Excerpts of Deposition of Sharon Hoog), at 177:13-21.

[6] *See* Leckman Decl., Ex. 1 (Excerpts of Deposition of David Perahia), at 183:8-15; 185:8-25; 186:11—187:13; 188:16—189:1; 189:16—190:4.

[7] *See* Leckman Decl., Ex. 3 (Excerpts of Deposition of Sara Mescher), at 50:11—53:21.

[8] *See* Leckman Decl., Ex. 5.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that Lilly be compelled to disclose the salaries of, and value of any company shares (or options) held by, Dr. Perahia, Dr. Hoog, Ms. Mescher, and Dr. Knowles. Additionally, Plaintiffs request permission to play those specific portions of the video testimony of Dr. Perahia, Dr. Hoog, and Ms. Mesher wherein they refused to disclose this relevant bias information and offer into evidence Exhibits 4 and 5 during trial.

Alternatively, the Court should bar all parties from cross-examining any witnesses on financial biases, including salaries, expert fees, or any pecuniary interests.

Dated: April 21, 2015                    Respectfully submitted,

                                         */s/ T. Matthew Leckman*
                                         T. Matthew Leckman
                                         Attorney for Plaintiffs

{CMWD-003471/00805467-2}