# EXHIBIT 3

```
 1                UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
 2
 3
     ERIN HEXUM and NICK HEXUM,        )
 4                                     )
              Plaintiffs,              )
 5                                     )
                   -vs-                ) CIVIL ACTION NO.
 6                                     ) CV 13-2701-SVW-MAN
     ELI LILLY & COMPANY, an Indiana   )
 7   Corporation,                      )
                                       )
 8            Defendant.               )

 9
     CLAUDIA HERRERA and PETER         )
10   LOWRY,                            )
                                       )
11            Plaintiffs,              )
                                       )
12                 -vs-                ) CIVIL ACTION NO.
                                       ) CV 13-2702-SVW-MAN
13   ELI LILLY & COMPANY, an Indiana   )
     Corporation,                      )
14                                     )
              Defendant.               )
15
16                      CONFIDENTIAL
17                       VIDEOTAPED
18            DEPOSITION OF SARA A. MESCHER
19
           The deposition upon oral examination of SARA
20   A. MESCHER, a witness produced and sworn before me,
     Tamara J. Brown, CSR, RMR, CRR, Notary Public in and
21   for the County of Marion, State of Indiana, taken on
     behalf of the Plaintiffs, at 1650 One American Square,
22   Indianapolis, Marion County, Indiana, on the 9th day
     of December, 2014, pursuant to the Federal Rules of
23   Civil Procedure with written notice as to time and
     place thereof.
24
25
```

Confidential - Sara A. Mescher

| | | |
|---|---|---|
| 1 | A | A competitor can be very broad.  It could be |
| 2 | | drugs within the same class, same therapeutic |
| 3 | | class, or if it's a specific issue that we're |
| 4 | | trying to develop some label language around, we |
| 5 | | might search that specific topic and look for |
| 6 | | FDA approved labeling related to that topic. |
| 7 | Q | With respect specifically to Cymbalta, when we |
| 8 | | say drugs within the same class, we'd be talking |
| 9 | | generally about other antidepressants.  Correct? |
| 10 | A | That's correct. |
| 11 | Q | For example, Paxil, right? |
| 12 | A | That's correct. |
| 13 | Q | Another example is Zoloft.  Correct? |
| 14 | A | That could be used as another example, yes. |
| 15 | Q | Another example is Effexor, correct? |
| 16 | A | Yes. |
| 17 | Q | Another example is Lilly's own product, Prozac, |
| 18 | | correct? |
| 19 | A | Yes. |
| 20 | Q | Ms. Mescher, what is your current salary at |
| 21 | | Eli Lilly? |
| 22 | | MS. JONES:  Well, I'm going to object to |
| 23 | | that question.  Is there a reason you need that, |
| 24 | | Matt? |
| 25 | | MR. LECKMAN:  Yes.  Are you instructing her |

```
 1       not to answer?
 2              MS. JONES:  Well, I am for the time being.
 3       I'm happy to -- we can certainly chat about it
 4       offline, but for the purposes of today's
 5       deposition, I'm going to instruct her not to
 6       answer.
 7              MR. LECKMAN:  And state the basis for your
 8       instruction.
 9              MS. JONES:  It's confidential personnel
10       information.
11              MR. LECKMAN:  Are you claiming any sort of
12       privilege?
13              MS. JONES:  I'm claiming only that it's
14       confidential personnel information.
15              MR. LECKMAN:  And Ms. Mescher, do you
16       intend to take your counsel's instruction not to
17       answer that question?
18              THE WITNESS:  Yes.
19   Q   Ms. Mescher, let's shift gears slightly from
20       your background and your career to some general
21       concepts about your company and product
22       labeling.
23              Can we agree that Lilly has an obligation
24       to be truthful and accurate in its product
25       labeling for Cymbalta?
```

Confidential - Sara A. Mescher

```
 1        European Union?
 2   A    Yes.
 3   Q    Have you read it?
 4   A    Have I read it all the way through?  No.
 5   Q    When was the first time you read it, relating to
 6        Cymbalta?
 7   A    I haven't read it --
 8             MS. JONES:  I'm sorry you mean any part of
 9        the SPC?
10             MR. LECKMAN:  Let me ask a better question.
11   Q    When was the first time you read the
12        discontinuation or withdrawal section of the
13        SOPC for the European Union for Cymbalta?
14   A    So the SmPC?
15   Q    Yeah.  Well, you may know a different acronym.
16        I ordinarily call it the SOPC.  But the Summary
17        of Product Characteristics is what we're talking
18        about.  Correct?
19   A    Okay.  I just want -- I just want to clarify and
20        make sure I'm answering your question truthfully
21        and correctly.
22             So the first time -- it's difficult for me
23        to say that I haven't read the discontinuation
24        information in the SmPC prior to preparation for
25        the disposition -- for this deposition.
```

Confidential - Sara A. Mescher

```
 1              However, the first time I would say that I
 2         compared the information that was in the SmPC to
 3         the U.S. PI was in preparation for today.
 4    Q    And when was that?
 5    A    Approximately a month ago.
 6    Q    So October or November of 2014, in other words?
 7    A    That's correct.
 8    Q    As I understand your testimony to the jury,
 9         that's the very first time you ever compared the
10         U.S. product -- or U.S. package insert for
11         Cymbalta to the European Union version of the
12         Cymbalta label?
13    A    That's correct, with respect to the specific
14         warning.
15    Q    Well, since you've read it, you now know that it
16         conveys different information.  Correct?
17              MS. JONES:  Objection to the form.  Vague.
18         You may answer.
19    A    So --
20    Q    Does it convey different information?
21    A    While the language in the two documents is not
22         identical, they both convey a warning and
23         precaution related to discontinuation symptoms.
24    Q    I think you said that verbatim already the last
25         time I asked a question about the Perahia data.
```

Confidential - Sara A. Mescher

```
 1        Is that verbatim the same answer you gave me?
 2             MS. JONES:  Objection.  Argumentative.
 3   A    I'm not sure.
 4   Q    Is that an answer that you have practiced?
 5             MS. JONES:  Objection.  Don't answer that
 6        question.  Argumentative.  Inappropriate.
 7   Q    Is that an answer that you have practiced?
 8             MS. JONES:  Same objection.  Don't answer
 9        that.
10             MR. LECKMAN:  What's the basis for
11        instructing the witness not to answer?
12             MS. JONES:  It's an argumentative question.
13        If you want to ask a question about the merits,
14        by all means, please do so.
15             MR. LECKMAN:  If you're instructing the
16        witness not to answer, please articulate your
17        privilege.
18             MS. JONES:  Well, it's inappropriate for
19        you to be asking the witness about what we
20        practiced, if we practiced at all in the course
21        of her deposition preparation.  You know that as
22        well as I do.
23             MR. LECKMAN:  I have not asked her whether
24        or not she talked to you or practiced with you.
25        And I'm not asking you, Ms. Mescher, so you
```

Confidential - Sara A. Mescher

```
 1         understand, to reveal any conversation that
 2         you've had with your lawyer.
 3    Q    But I want to know, you independently, outside
 4         of the presence of your lawyer, did you
 5         practice that answer?
 6    A    Did I practice that answer?  That is my own
 7         opinion, in looking at the information that we
 8         have included in our core data sheet related to
 9         this topic, and in comparing the U.S. PI to the
10         SmPC, that the information contained is
11         consistent.
12    Q    Do you have -- and as I understand correctly,
13         the first time you formed that opinion was about
14         a month ago?
15    A    That's correct.
16              MS. JONES:  I'm sorry.  Objection.
17         Mischaracterizes her testimony.
18              MR. LECKMAN:  Well, I'll ask it open-ended.
19    Q    Is the first time that you formed that opinion a
20         month ago?
21    A    Yes.
22    Q    Let's take a look at now -- we're going to look
23         at 9C, and I'll wait for everybody to get with
24         me.  Just so you know where I'm going, it is the
25         SmPC for Cymbalta for 2010.
```

Confidential - Sara A. Mescher

```
 1            ACKNOWLEDGMENT OF DEPONENT

 2

 3          I,_____, do

 4    hereby certify that I have read the

 5    foregoing pages, and that the same is

 6    a correct transcription of the answers

 7    given by me to the questions therein

 8    propounded, except for the corrections or

 9    changes in form or substance, if any,

10    noted in the attached Errata Sheet.

11

12

13    _____

14    SARA A. MESCHER                DATE

15

16

17    Subscribed and sworn

18    to before me this

19    _____ day of _____, 20____.

20    My commission expires:_____

21

22    _____

23    Notary Public

24

25
```