David E. Stanley (SBN 144025)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
dstanley@reedsmith.com

Michael X. Imbroscio (pro hac vice)
Phyllis A. Jones (pro hac vice)
Kathleen E. Paley (pro hac vice)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5868
Facsimile: (202) 778-5868
mimbroscio@cov.com
pajones@cov.com
kpaley@cov.com

Attorneys for Defendant
Eli Lilly and Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN HEXUM AND NICK HEXUM,<br><br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>Defendant. | Case No.: 2:13-cv-2701 SVW-MANx<br>Case No.: 2:13-cv-2702 SVW-MANx<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO COMPEL DISCLOSURE OF THE FINANCIAL BIASES OF LILLY CORPORATE WITNESSES WHO WILL TESTIFY AT TRIAL** |
| CLAUDIA HERRERA and PETER LOWRY,<br><br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>Defendant. | |

Case No.: 2:13-cv-2701 SVW-MANx
Case No.: 2:13-cv-2702 SVW-MANx

## I. INTRODUCTION

Plaintiffs' ill-conceived *ex parte* application to compel four Lilly fact witnesses to disclose the details of their financial compensation is a discovery motion. This Court's standing order provides that *ex parte* applications are an unacceptable method of bringing a discovery motion to the attention of the court, absent an extreme emergency which does not exist here. It also provides that discovery motions like these require strict compliance with Local Rule 37-1 and 37-2 but Plaintiffs have failed to comply with either. Indeed, the depositions of all four Lilly employees took place in 2014, yet Plaintiffs waited until April 9, 2015 to meet and confer with Lilly on this issue and did not seek any type of relief until April 22, 2015 when this improper *ex parte* was filed. Plaintiffs' *ex parte* should therefore be denied for their failure to comply with Local Rule 37-1 and 37-2.

Procedural improprieties aside, Plaintiffs' motion is without merit. While the bias of a non-party fact witness is always a legitimate consideration, that interest must be balanced against the individual's legitimate expectation of privacy and considered in light of the overwhelming weight of authority which provides that any alleged bias can sufficiently be suggested by the fact of the individual's employment by a party. It is thus not surprising that Plaintiffs cited no case supporting the radical notion they advance here. Plaintiffs' *ex parte* application should be denied.

## II. ARGUMENT

### A. Lilly's Employee Fact Witnesses Should Not Be Compelled To Disclose Their Salaries, Stock Options Or Other Private Personal Financial Information.

Plaintiffs' *ex parte* seeks a remarkable outcome: forcing non-party employees of Lilly to disclose the details of their compensation on the grounds that such information is relevant to their bias. Citing cases that have no connection to the type of personally invasive disclosure they seek here, Plaintiffs brazenly suggest that such

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

disclosures are routine. But in so arguing, Plaintiffs fail to explain how these non-party witnesses have a direct interest in this litigation that would affect the amount of their compensation. Nor do Plaintiffs even attempt to address, much less overcome, the considerable privacy implications that such an order would entail.

Unlike retained experts who have agreed to serve as witnesses in exchange for financial compensation, employees who are called to provide factual testimony in connection with their regular employment are not held to have voluntarily given up the right to protect the details of their compensation from disclosure. Judge Zimmerman recently confronted this precise issue in *Johnson v. Hewlett-Packard Co.*, No. C09-5596 CRB, 2010 WL 4510345, at *2 (N.D. Cal. Nov. 1, 2010). In that case, Plaintiffs sought to compel salary and related compensation information from a senior marketing official at HP "to show bias." Judge Zimmerman denied the motion, explaining that the witness's "employment with HP already implies bias, and thus, exact information as to amounts of compensation is unnecessary for such a purpose." *Id*. Judge Zimmerman emphasized the peculiar privacy interests at stake, concluding that "Plaintiffs have therefore failed to demonstrate a compelling need for this Court to require disclosure of [the witness's] financial affairs, give [his] reasonable expectations of privacy." *Id*.; *see also Haynes v. Shoney's Inc.*, No. 89-CV-30093, 1991 WL 354933, at *5 (N.D. Fl. Sept. 27, 1991) ("I agree with Shoney's that the fact of employment alone is sufficient to demonstrate bias. The salary amounts do not add anything, and are entitled to privacy and confidence.").[1]

---

[1] Neither of the two cases Plaintiffs cite remotely relate to the forced disclosure of employee compensation. In the criminal case of *United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999), the court held that it was error to exclude the fact that witnesses testifying against their former employer were also suing him for money -- a Confrontation Clause violation that has no parallel here in this civil case. And in *Crowe v. Bolduc*, 334 F.3d. 124, 132 (1st Cir. 2003), the court ruled that excluding the fact that an outside retained attorney testifying for a party was also being paid was

Case No.: 2:13-cv-2701 SVW-MANx
Case No.: 2:13-cv-2702 SVW-MANx          - 2 -
DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION
TO COMPEL DISCLOSURE OF THE FINANCIAL BIASES
OF LILLY CORPORATE WITNESSES WHO WILL TESTIFY AT TRIAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

There are numerous other cases refusing to compel disclosure of personal financial information *even when* the company employee has also been designated as a non-retained expert witness. It is of course routine for *retained* experts to disclose personal financial information about the engagement. But in each of the cases set forth below, the court declined to order disclosure of the employee's financial compensation, even when the employee was also serving as a non-retained expert for the party:

- *Morrow v. Greensouth Equip.*, Inc., No. 5:10-cv-000137, 2010 U.S. Dist. LEXIS 133641, at *3 (N.D. Fl. Dec. 7, 2010) ("[A]ny bias Mr. Ney may have because he serves as an employee and expert can be explored adequately by Plaintiffs' counsel on cross-examination without the need to know the annual salary of Mr. Ney.").

- *Securities and Exchange Commission v. Nadel*, No. CV 11-215, 2012 U.S. Dist. LEXIS 53173 at **5-8 (E.D.N.Y. April 16, 2012) ("Defendants may call attention to the fact of Dr. Porter's employment with the SEC in order to attempt to demonstrate bias, but they have made no showing that his salary or other compensation information is necessary. The amount of Dr. Porter's salary would not affect a jury's determination of credibility or bias because Dr. Porter's full-time salaried position itself indicates that he has an interest in the outcome.").

- *Porter v. Hamilton Beach/Proctor Silex, Inc.,* No. 01-CV-2970, 2003 WL 22385679, at *1 (W.D. Tenn. Aug. 27, 2003) ("Here, the fact that Zachwieja is a full-time, salaried employee of HBPS is sufficient to demonstrate bias. There is no showing that Zachwieja's opinion may

---

error -- again, a situation with no comparison to the personal salary information sought here.

be influenced by the amount of his salary or the value of his 401(k) plan. In other words, the amount of his salary or value of his 401(k) plan would not affect a jury's determination of credibility or bias because his full-time, salaried position indicates that he has an interest in the outcome.").

### III. CONCLUSION

Plaintiffs' untimely and improper *ex parte* should be denied. After sitting on their rights for over four months, Plaintiffs decided on the eve of trial to bring this unauthorized discovery motion before the Court in violation of this Court's standing order and the Local Rules. Even if Plaintiffs had made a timely motion, there is still no basis to compel four salaried employees of Lilly to disclose the details of their private financial compensation. As the cases cited by Lilly provide, Plaintiffs may explore any employee bias on cross-examination without the need to know the precise details of their compensation.

DATED: April 23, 2015            Respectfully Submitted,

/s/ David E. Stanley
David E. Stanley
REED SMITH LLP

Michael X Imbroscio (*pro hac vice*)
Phyllis A. Jones (*pro hac vice*)
Kathleen E. Paley (*pro hac vice*)
COVINGTON & BURLING LLP

Attorneys for Defendant
ELI LILLY AND COMPANY

Case No.: 2:13-cv-2701 SVW-MANx
Case No.: 2:13-cv-2702 SVW-MANx      - 4 -
DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION
TO COMPEL DISCLOSURE OF THE FINANCIAL BIASES
OF LILLY CORPORATE WITNESSES WHO WILL TESTIFY AT TRIAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware