UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02702-SVW-MAN | Date | August 3, 2015 |
|---|---|---|---|
| Title | Claudia Herrera et al. v. Eli Lilly and Company et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER REGARDING Motions in Limine [157, 159, 160, 162, 164, 165, 166, 167, 169, 170, and 172]

Presently before the Court are the parties' respective motions in limine. (Dkts. [157, 159, 160, 162, 164, 165, 166, 167, 169, 170 and 172].

**1.    Motion to Exclude Evidence or Argument Relating to Prozac**

Defendant Eli Lilly and Company ("Lilly") moves to bar evidence or argument relating to Prozac. (Dkt. 157.) The Court FINDS that evidence or argument regarding the marketing of Prozac is cumulative and only marginally, if at all, probative. The Court therefore EXCLUDES this evidence under Federal Rule of Evidence 403.[1] However, the Court FINDS that evidence that Lilly used a checklist in designing the study comparing Prozac's incidence of discontinuation symptoms to that of other competitive drugs is relevant and admissible. For the aforementioned reasons, the Court GRANTS IN PART Lilly's motion to exclude evidence or argument relating to Prozac.

**2.    Motions Regarding Evidence and Testimony Relating to Cymbalta's Foreign Label**

Lilly moves to exclude evidence and testimony relating to Cymbalta's foreign labeling. (Dkt. 159.) Plaintiffs similarly move to admit the European and other foreign Cymbalta labels. (Dkt. 164.) The Court FINDS that this evidence is insufficiently probative of anything in dispute in this case and is

---

[1]Nevertheless, the Court acknowledges the possibility that Lilly might open the door to this evidence at trial by arguing that it was not aware of the relationship between a drug's half life and the risk of discontinuation symptoms. Should Lilly open the door in this manner at trial, the Court will revisit its ruling.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02702-SVW-MAN | Date | August 3, 2015 |
|---|---|---|---|
| Title | Claudia Herrera et al. v. Eli Lilly and Company et al. | | |

likely to confuse the jury and cause undue delay.  The Court therefore GRANTS Lilly's motion, DENIES Plaintiffs' motion, and EXCLUDES evidence and testimony relating to Cymbalta's foreign labeling.[2]

3. **Motion to Exclude Evidence or Argument Regarding Labeling and Marketing Issues Purportedly Outside the Scope of this Case**

    Lilly moves to exclude evidence or argument regarding labeling and marketing issues that Lilly describes as outside the scope of the case.  (Dkt. 160.)  More specifically, Lilly moves to exclude any Cymbalta marketing materials for healthcare professions or consumers that were not seen by Plaintiff or her prescribing physicians, as well as FDA communications regarding purportedly irrelevant Cymbalta marketing materials, and certain publications and articles discussing Cymbalta marketing.  The Court here addresses only the specific examples of this category to which Lilly points.

    The Court GRANTS IN PART Lilly's motion and EXCLUDES under Rule 403 the FDA letters critiquing proposed advertising because they are only minimally (if at all) probative of any disputed issue in the case and will cause undue delay.

    The Court GRANTS IN PARTS IN PART Lilly's motion and EXCLUDES consumer-oriented materials not seen by Plaintiffs as irrelevant.  The Court DENIES the motion as to consumer-oriented marketing materials seen by Plaintiffs.

    Plaintiffs assert that they won't seek to introduce specific advertising materials on which the treating physicians didn't rely.  In all other respects, the Court DENIES WITHOUT PREJUDICE Lilly's motion.  Advertisements and other materials on which the treating physicians did rely are relevant, and other training materials might be probative of intent.  Nevertheless, the Court recognizes that at some point these materials and other similarly purposed evidence may become cumulative.

    For similar reasons, the Court DENIES WITHOUT PREJUDICE Lilly's motion to exclude publications discussing Lilly's effort to market Cymbalta.  The Court notes that the publications themselves are likely hearsay.  Moreover, the 2009 article is likely irrelevant to Herrera's case.  Nevertheless, without the benefit of a more developed trial record it is premature for the Court to say whether this evidence could be admissible.

---

    [2]Lilly asserts that it does not dispute the feasibility of having originally adopted or amended the stronger warnings that Plaintiffs assert were required.  Should Lilly open the door by disputing feasibility, the Court will revisit its ruling.

| | : |
|---|---|
| Initials of Preparer | PMC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02702-SVW-MAN | Date | August 3, 2015 |
|---|---|---|---|
| Title | Claudia Herrera et al. v. Eli Lilly and Company et al. | | |

Lilly also moves to exclude any revisions to the Cymbalta product label post-dating Plaintiff's use of Cymbalta and related correspondence. The Court GRANTS IN PART Lilly's motion and EXCLUDES evidence that in 2014 the FDA asked Lilly to provide more detailed guidance regarding a tapering regime and that Lilly was unable to do so. This evidence is only minimally probative and risks developing into a lengthy examination of a collateral issue. Moreover, to the extent that this evidences a remedial measure that was actually taken, it is excluded under Rule 407. More generally, the Court GRANTS IN PART Lilly's motion and EXCLUDES as irrelevant evidence of revisions to Cymbalta's label and related correspondence to the extent that the communication or revision occurred after Plaintiff's use of Cymbalta.[3]

**4.     Motion to Exclude Evidence or Argument Regarding Issues Purportedly Unrelated to Plaintiff's Alleged Cymbalta Discontinuation Symptoms**

Lilly moves to exclude evidence or argument regarding issues that Lilly claims are unrelated to Plaintiff's alleged Cymbalta discontinuation symptoms. (Dkt. 162). Plaintiffs move to admit the incidence rate of other Cymbalta risks, as reflected in Lilly's Cymbalta product label. (Dkt. 165.)

In particular, these motions concern the potential risk of certain treatment-emergent adverse events identified in the Cymbalta label, including suicidality and hepatic injury. The Court finds that other portions of the label discussing other risks are relevant insofar as they relate to the overall context in which the discontinuation warning appears. The comparison between the way in which the Cymbalta label describes discontinuation symptom risks and other risks is relevant because it may show that Lilly's expression of those other risks is more detailed or clear than it's expression of discontinuation symptom risk. The other portions of the label may also be relevant insofar as they show that Lilly can express risks in other ways. The Court therefore finds that portions of the U.S. Cymbalta label discussing risks other than the risk of discontinuation symptom are ADMISSIBLE. However, the Court EXCLUDES under Rule 403 evidence of such risks expressed in documents and evidence other than the label itself. Such evidence is barely (if at all) probative, and risks confusing the jury and causing undue delay.

Lilly moves to exclude evidence of discontinuation-emergent seizures. Plaintiffs apparently only oppose this request insofar as it pertains to Hexum. The Court thus EXCLUDES this evidence in the Herrera case, except for those statements related to discontinuation-emergent seizures in the label itself

---

[3]However, should Lilly open the door to the evidence by disputing feasibility, the Court will revisit its ruling.

 :
Initials of Preparer         PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02702-SVW-MAN | Date | August 3, 2015 |
|---|---|---|---|
| Title | Claudia Herrera et al. v. Eli Lilly and Company et al. | | |

and testimony about that portion of the label.

Lilly also moves to exclude evidence or argument regarding delays in FDA approval based on questions of potential liver toxicity and manufacturing issues. Such evidence is largely irrelevant and risks undue delay by requiring significant time to be devoted explaining the FDA process and standards implicated by this tangential dispute. The Court therefore GRANTS IN PART Lilly's motion and EXCLUDES under Rules 401, 402, and 403 evidence or argument regarding delays in FDA approval based on potential liver toxicity and manufacturing issues.

**5.     Motion to Exclude Evidence and Argument on Lilly's Alleged Bad Company Conduct**

Lilly further moves to exclude evidence and argument on Lilly's alleged bad company conduct. (Dkt. 167.) The Court addresses only the particular pieces of evidence discussed in Lilly's brief.

The Court DENIES IN PART Lilly's request insofar as it pertains to evidence and argument regarding Lilly's marketing research before Plaintiff began taking Cymbalta because such evidence might be relevant to scienter. While evidence regarding Lilly's financial performance after Plaintiff began taking Cymbalta might be relevant to punitive damages, Plaintiffs will not be allowed to present such evidence in their case in chief. If the jury finds for Plaintiffs, then they will be permitted to reopen the record to introduce relevant evidence of Lilly's finances.

Plaintiffs apparently do not oppose Lilly's request to exclude evidence or argument regarding Zyprexa. Moreover, even if the request were opposed, this evidence should be excluded under Rule 403. The Court therefore EXCLUDES evidence and argument regarding Zyprexa.

Lilly further moves to exclude evidence or argument that Lilly allegedly pursued a deliberate campaign to mislead physicians about Cymbalta's discontinuation risks. The Court has already addressed issues pertaining to Glenmulen's testimony in a separate order. In other respects, this evidence is relevant to scienter and is admissible. The Court therefore DENIES IN PART Lilly's motion to exclude evidence or argument that Lilly pursued a deliberate campaign to mislead physicians insofar as it pertains to evidence other than Glenmullen's testimony.

Lilly also moves to exclude other evidence or argument that Lilly engaged in or intended to engage in "unethical, immoral, or otherwise 'bad company' conduct." The Court DECLINES TO REACH this vague and undefined request before trial.

**6.     Motion to Exclude Evidence Relating to the QuarterWatch Publication**

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02702-SVW-MAN | Date | August 3, 2015 |
|---|---|---|---|
| Title | Claudia Herrera et al. v. Eli Lilly and Company et al. | | |

Lilly moves to exclude the October 3, 2012 issue of the Institute for Safe Medical Practices' ("ISMP") quarterly publication—called *QuarterWatch*. (Dkt. 170.) Insofar as Plaintiffs offer this publication for the truth of the matter asserted therein, the Court EXCLUDES it because it is hearsay not within any exception. Though Plaintiffs argue that this is admissible under the learned treatise exception because their experts rely on it, Plaintiffs fail to show that the *QuarterWatch* report (as opposed to the underlying FDA data) is a reliable authority. In particular, the *QuarterWatch* report is not published in a journal. Instead, it is published by the ISMP, which describes itself as a nonprofit organization "devoted entirely to medication error prevention and safe medication use." *About ISMP*, Institute for Safe Medication Practices, http://www.ismp.org/about/default.asp, (last visited Aug. 2, 2015). Notwithstanding the ISMP's self-serving proclamation of impartiality, this is an organization with a self-described agenda—preventing medication error and assuring safe medication use. Moreover, the ISMP states that a purpose of the *QuarterWatch* report is to "improve the system." *ISMP QuarterWatch*, Institute for Safe Medication Practices, http://www.ismp.org/about/default.asp, (last visited Aug. 2, 2015). Though this is an altruistic goal, it indicates that the ISMP is not an impartial source. *See Sclafani v. Air & Liquid Sys. Corp.*, No. 2:12-CV-3013-SVW-PJW, 2013 WL 2477077, at *6 (C.D. Cal. May 9, 2013).

Moreover, the Court FINDS that the ISMP's October 3, 2012 issue is unduly cumulative insofar as it relies on the same data underlying the 2005 JAD Article. The Court also FINDS that this report, which is a scientific article that directly opines on the Cymbalta label's adequacy, risks misleading the jury. Such evidence is akin to expert testimony offered by an expert whose qualifications have not yet been established. The *QuarterWatch* report is thus also excluded under Rule 403. For the aforementioned reasons, the Court EXCLUDES the *QuarterWatch* report.

**7.    Motion to Exclude Purportedly Inadmissible Character Evidence Regarding Plaintiffs**

Plaintiffs broadly seek to exclude character evidence regarding Plaintiff's purported risk-taking behavior, tendency to ignore warnings, and litigiousness. (Dkt. 166.)

The Court DECLINES TO REACH this motion to the extent that it seeks the generalized exclusion of Plaintiff's risk-taking behaviors. Such a generalized request cannot be evaluated without the benefit of a developed trial record.

The Court DENIES IN PART Plaintiffs' motion as to Herrera's use of prescriptions drugs other than Cymbalta to the extent that Lilly intends to use such evidence to show that Herrera would have taken Cymbalta in the face of stronger warnings. The Court FINDS such evidence is admissible for this purpose to the extent that the other drugs' side effects include discontinuation symptoms similar to those

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02702-SVW-MAN | Date | August 3, 2015 |
|---|---|---|---|
| Title | Claudia Herrera et al. v. Eli Lilly and Company et al. | | |

allegedly caused by Cymbalta.

The Court EXCLUDES evidence of Plaintiff's smoking cigarettes, consuming alcohol, using illegal drugs, getting tattoos or otherwise engage in "risk-taking" behavior to the extent that Lilly offers such evidence to prove that Plaintiff would have taken Cymbalta in the face of stronger warnings. However, such evidence may be used to impeach Plaintiff's credibility or insofar as it relates specific causation of Plaintiff's injuries. The Court therefore DENIES IN PART the motion insofar as it relates to the use of this evidence to impeach Plaintiff or in relation to specific causation of Plaintiffs' injuries.

The Court also EXCLUDES under Rules 401, 402, and 403 evidence of Herrera's prior involvement in two motor vehicle cases and a small claims court case.

However, the Court notes Lilly's argument that Plaintiffs open the door to this evidence by arguing that Plaintiff is risk-averse. If Plaintiffs present the case in such a way that they open the door to generalized evidence of Plaintiff's risk-taking behavior, the Court will revisit this ruling.

**8.     Motion to Exclude Any Argument that the Instant Lawsuits are Simply "Lawyer-Driven Litigation"**

Plaintiffs move to exclude any argument that the instant lawsuit is "lawyer-driven litigation" and any references to lawyer advertising. (Dkt. 169.) The Court DENIES WITHOUT PREJUDICE THE MOTION insofar as this motion concerns evidence relating to Plaintiffs' decision to file the case at bar. Such evidence is potentially relevant to Plaintiffs' credibility. However, more generalized evidence of a trend of lawyer-driven Cymbalta litigation would be insufficiently probative and unduly likely to cause delays and jury confusion.

**9.     Motion to Exclude Argument and Evidence Concerning Personal Experiences with Cymbalta, Depression, or Fibromyalgia by Lilly Counsel and Lilly Witnesses**

Plaintiffs move to exclude "argument and evidence concerning personal experiences with Cymbalta, depression, or Fibromyalgia by Lilly counsel and Lilly witnesses." (Dkt. 172.) The Court DECLINES TO REACH this vague request without the benefit of specific examples of evidence to be excluded or a developed trial record.

**10.    Glenmullen's August 2, 2015 Declaration**

Pursuant to the Court's July 31, 2015 Order, Glenmullen filed a declaration addressing, as to each study listed in the index to his supplemental report: "(1) how he considered each study; (2) whether

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02702-SVW-MAN | Date | August 3, 2015 |
|---|---|---|---|
| Title | Claudia Herrera et al. v. Eli Lilly and Company et al. | | |

he relied on each study; (3) if he relied on the study, the nature of his reliance; and (4) if he did not rely on the study, his reason for not relying on it." (Dkt. 338: Order at 16.)  In his declaration, Glenmullen adequately describes each study, the ways in which he viewed and relied on the data generally, and his specific observations of noteworthy aspects of particular studies. (Dkt. 342.)  This is sufficient to establish the reliability of his opinion regarding whether he, in his expert opinion as a clinical psychiatrist, views Cymbalta's label as adequate.

For the aforementioned reasons, the Court FINDS ADMISSIBLE Glenmullen's testimony that it is his professional opinion as a clinical psychiatrist that Cymbalta's label does not adequately reflect the clinical data regarding Cymbalta.

:

Initials of Preparer         PMC