FILED
CLERK, U.S. DISTRICT COURT

Aug 7, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____PMC_____ DEPUTY

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   CLAUDIA HERRERA and PETER        )
     LOWRY,                            )
12            Plaintiffs,             )
                                       )
                                       )   2:13-cv-02702-SVW-MAN
13        vs.                          )   COURT'S INSTRUCTIONS
                                       )   TO THE JURY
14   ELI LILLY AND COMPANY,           )
                                       )
15            Defendant.              )
                                       )
16   _____)

17

18

19

20

21

22

23

24

25

26

27

28

1    Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

2

3    A copy of these instructions will be sent with you to the jury room when you deliberate.

4    You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

5    It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

6

7

8    In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1    When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

2

3    You should base your decision on all of the evidence, regardless of which party presented it.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness, including sworn depositions that you have heard;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4

1       Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as
2   testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence
    is proof of one or more facts from which you could find another fact.  You should consider both kinds
3   of evidence.  The law makes no distinction between the weight to be given to either direct or
    circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     In deciding the facts in this case, you may have to decide which testimony to believe and which
2 testimony not to believe.  You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

3     In considering the testimony of any witness, you may take into account:

4     (1) the opportunity and ability of the witness to see or hear or know the things testified to;

5     (2) the witness's memory;

6     (3) the witness's manner while testifying;

7     (4) the witness's interest in the outcome of the case and any bias or prejudice;

8     (5) whether other evidence contradicted the witness's testimony;

9     (6) the reasonableness of the witness's testimony in light of all the evidence; and

10     (7) any other factors that bear on believability.

11     The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1        Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

2

3        Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1    All parties are equal before the law and a corporation is entitled to the same fair and
2    conscientious consideration by you as any party.

3    Under the law, a corporation is considered to be a person. It can only act through its employees,
     agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees,
4    agents, directors, and officers performed within the scope of authority.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Claudia Herrera ("Herrera") asserts a claim for strict liability. In this claim, Herrera asserts that Cymbalta lacked sufficient instructions or warnings in its label for Cymbalta as to Cymbalta's risk of discontinuation symptoms. Defendant Eli Lilly and Company ("Lilly") admits that it manufactured, distributed, or sold Cymbalta.

Thus, to establish this claim, Herrera must prove all of the following:

1. That Cymbalta had potential risks of discontinuation symptoms that were known or knowable in light of the scientific and medical knowledge that was generally accepted in the scientific community at the time of sale;

2. That the potential risk of discontinuation symptoms presented a substantial danger when Cymbalta is used or misused in an intended or reasonably foreseeable way;

3. That ordinary physicians would not have recognized the potential risk of discontinuation symptoms;

4. That Lilly failed to adequately warn or instruct of the potential risk of discontinuation symptoms;

5. That Herrera was harmed; and

6. That the lack of sufficient instructions or warnings was a substantial factor in causing Herrera's harm.

The warning must be given to the prescribing physician and must include the potential risks or side effects that may follow the foreseeable use of the product. Lilly had a continuing duty to warn physicians as long as the product was in use.

9

Plaintiff Herrera claims she was harmed because Lilly negligently misrepresented a fact. To establish this claim, Herrera must prove all of the following:

1. That Lilly represented to Herrera's prescribing physician that a fact was true;

2. That Lilly's representation was not true;

3. That although Lilly may have honestly believed that the representation was true, Lilly had no reasonable grounds for believing the representation was true when Lilly made it;

4. That Lilly intended that Herrera's prescribing physician rely on this representation;

5. That Herrera's prescribing physician reasonably relied on Lilly's representation;

6. That Herrera was harmed; and

7. That Herrera prescribing physician's reliance on Lilly's representation was a substantial factor in causing her harm.

10

Herrera claims that Lilly made a false representation that harmed her. To establish this claim, Herrera must prove all of the following:

1. That Lilly represented to Herrera's prescribing physician that a fact was true;

2. That Lilly's representation was false;

3. That Lilly knew that the representation was false when Lilly made it, or that Lilly made the representation recklessly and without regard for its truth;

4. That Lilly intended that Herrera's prescribing physician rely on the representation;

5. That Herrera's prescribing physician reasonably relied on Lilly's representation;

6. That Herrera was harmed; and

7. That Herrera's prescribing physician's reliance on Lilly's representation was a substantial factor in causing her harm.

11

1      If you find that Lilly made a false representation regarding Cymbalta, you must then decide

2  whether Herrera's prescribing physician reasonably relied on Lilly's misrepresentation.

3      Herrera's prescribing physician relied on Lilly's misrepresentation if:

4      1. The misrepresentation substantially influenced him to prescribe Cymbalta; and

5      2. The prescribing physician would probably not have prescribed Cymbalta without the misrepresentation.

6      It is not necessary for a misrepresentation to be the only reason for the decision to initiate

7  treatment with Cymbalta.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

1    If you find that Lilly made a false representation regarding Cymbalta, you must also decide
2    whether Herrera's prescribing physician reasonably relied on Lilly's misrepresentation.

3    In determining whether Herrera's prescribing physician's reliance on the misrepresentation was
     reasonable, Herrera must first prove that the matter was material. A matter is material if a reasonable
     person would find it important in determining his or her choice of action.
4

5    If you decide that the matter is material, you must then decide whether it was reasonable for
     Herrera's prescribing physician to rely on the misrepresentation. In making this decision, take into
     consideration Herrera's prescribing physician's intelligence, knowledge, education, and experience.
6

7    However, it is not reasonable for anyone to rely on a misrepresentation that is preposterous. It
     also is not reasonable for anyone to rely on a misrepresentation if facts that are within his observation
     show that it is obviously false.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          13

1   A substantial factor in causing harm is a factor that a reasonable person would consider to have
2   contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

3   In considering the question of "substantial factor," you must consider, along with all the other
4   evidence, whether a different label would have altered the prescribing physician's decision.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

1    You have heard testimony that Cymbalta and its label were approved by the federal Food and
2  Drug Administration ("FDA").  The fact that Cymbalta and its label have been approved by the FDA
   is a factor you can consider with whatever weight you deem appropriate, but Lilly remains ultimately
3  responsible for the content of its label and you may still find Lilly liable if you conclude that the plaintiff
   has proven her claim that Lilly failed to properly warn her physician.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

1  Lilly asserts that Herrera's own negligence contributed to her harm, specifically her failure to
2  follow Dr. Patel's advice when discontinuing Cymbalta. To succeed on this argument, Lilly must prove both of the following:

3  1. That Plaintiff Herrera negligently failed to follow Dr. Patel's advice when discontinuing
4  Cymbalta; and

5  2. That this negligence was a substantial factor in causing Herrera's harm.

6  If Lilly proves the above, Herrera's damages are reduced by your determination of the percentage of Herrera's responsibility. I will calculate the actual reduction.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

1    This instruction applies only to Lilly's assertion that Herrera's own negligence contributed to her
2 harm.  Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

3    A person can be negligent by acting or by failing to act. A person is negligent if he or she does
something that a reasonably careful person would not do in the same situation or fails to do something
4 that a reasonably careful person would do in the same situation.

5    You must decide how a reasonably careful person would have acted in Herrera's situation.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

1    If you decide Lilly is responsible for the original harm, Herrera is not entitled to recover damages
     for harm that Lilly proves Herrera could have avoided with reasonable efforts or expenditures.
2

3    You should consider the reasonableness of Herrera's efforts in light of the circumstances facing
     her at the time, including her ability to make the efforts or expenditures without undue risk or hardship.

4    If Herrera made reasonable efforts to avoid harm, then your award should include reasonable
     amounts that she spent for this purpose.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                      18

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you decide that Plaintiff has proved her claim against Lilly, you also must decide how much money will reasonably compensate Herrera for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Lilly's wrongful conduct, even if the particular harm could not have been anticipated.

Herrera does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of noneconomic damages claimed by Herrera:

1. Physical pain and suffering
2. Loss of enjoyment of life
3. Inconvenience
4. Grief
5. Anxiety
6. Humiliation; and
7. Emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

19

1  When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

2

3  You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

4  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

5

6  Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

7

8  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

21

1       A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28